*1501
 
 Opinion
 

 BOREN, P. J.
 

 Petitioner, David A. Elden, seeks a writ of mandate directing the superior court to set aside its order denying his petition to confirm an arbitration award. In performing our review, we must consider the application of Family Code provisions that require parties in a marital dissolution to serve preliminary and final declarations of disclosure on each other. (Fam. Code, § 2100 et seq.)
 
 [1]
 

 I. Factual and Procedural Background
 

 Petitioner (hereafter Husband) and real party in interest, Paula Elden (hereafter Wife), are attorneys. Both are members of the State Bar of California. Each has practiced only in the area of criminal defense. They were married on November 17, 1978, and separated in either 1988 or 1989.
 
 [2]
 

 On August 11, 1994, Husband, in propria persona, filed a petition for dissolution of marriage. By stipulation, the matter was bifurcated and judgment of dissolution (status only) was entered on March 9, 1995.
 

 Husband and Wife entered into a stipulation agreeing that “[t]his matter shall be tried to a final conclusion at an arbitration proceeding pursuant to California Code of Civil Procedure [section] 1280, et seq.” Husband and Wife also agreed that “[t]he award of the arbitrator shall be final and shall not be subject to appeal, or attacked or set aside other than as provided in California Code of Civil Procedure [section] 1286.2.” Attorney Jeffrey Weiner was appointed by the parties to conduct the arbitration. Although Weiner is licensed in Florida, he is not licensed to practice law in California. The stipulation, which was filed with the superior court, is undated.
 

 On November 28,1995, Weiner issued a document entitled “Decision and Award.” It is clear from the content of the decision that Weiner believed that sometime after the parties separated they entered into an agreement in early 1989, which resolved all of their property issues with the exception of the disposition of the family residence, and that the agreement had been “fully performed.”
 
 [3]
 
 Weiner set forth what he believed he had been asked to arbitrate. He noted that the residence had been sold in 1994 and that
 
 *1502
 
 Husband had promised to give Wife $75,000 as her share of the proceeds from the sale. Weiner indicated he had been asked to determine “whether [Wife] is owed the sum of $75,000, or another amount, from [Husband]. . . or whether [Husband] is entitled to reimbursement and/or credit as a result of [Wife’s] continued use of retail store and other credit cards in both the [Husband’s] name as well as the [Wife’s] name.” Weiner also noted that he had been “given an alternative option with respect to resolution” of the issue involving the $75,000. Weiner noted that he had elected to “forego using the ‘alternative option’ and instead [would] render the Decision and Award based on the evidence presented as to each issue and beginning with the $75,000 being owed by [Husband] to [Wife] as the starting point.”
 

 Weiner then made a determination as to the “debits” and “credits” and made the following award with respect to the family residence issue: “Totalling the credits set forth in this Decision and Award, [Husband] is entitled to a credit in the amount of $79,533.25. The [Wife] is awarded a credit in the amount of $75,000 as has been agreed between the parties. From that amount, $79,533.25 will be subtracted as credits to the [Husband]. Therefore, the final monetary award in this matter is in favor of the [Husband] in the amount of $4,533.25. Said amount is due and payable immediately upon the filing of this arbitration Decision and Award.”
 

 Also contained within the award is the following language: “Although both parties have repeatedly indicated that they were fully aware of each other’s finances, it is hereby ordered that within seven (7) days of the filing of this Arbitration Decision and Award, that both parties submit to each other by registered mail, with a copy to the undersigned arbitrator, financial statements sufficient under California law to satisfy each other that they are fully knowledgeable in the matters contained therein.”
 

 Husband claims that on November 29, 1995, Weiner mail-served the award on the parties by Federal Express. Wife denies this, but concedes she received a copy of the award either on or shortly after the November 29, 1995, date.
 

 On February 7, 1996, Husband filed a petition to confirm the arbitration award. On that same date, he served on Wife his final declaration of disclosure and income and expense declaration, under section 2105, and
 
 *1503
 
 he served and filed his declaration regarding service of final declaration of disclosure and income and expense declaration pursuant to section 2106.
 
 [4]
 

 Wife concedes she did not serve a declaration of disclosure. Husband claims he demanded service of Wife’s disclosure declaration. Wife claims that no such demand was made.
 

 On August 12, 1996, Wife filed a motion pursuant to Code of Civil Procedure section 473 seeking relief from the statutory time limitations for opposing the petition to confirm and for seeking vacation of the award, and seeking to vacate the award. Wife claimed, among other things, that she had been “coerced into signing a written agreement to arbitrate.” She claimed that “[a]s a result of [Husband’s] improper conduct, [Wife] only signed the ‘Stipulation’ under duress and undue influence,” and that her “mental state was such that she was in no position to effectively secure representation or otherwise protect her rights during the so-called arbitration process.” Wife also claimed that the arbitrator “exceeded his power,” because “the entire issue of credit card balances was not to be considered,” and that her rights were “substantially prejudiced by the refusal of the arbitrator to postpone the hearing upon sufficient cause to hear evidence.”
 

 On August 28, 1996, the superior court denied Husband’s motion to confirm the arbitration award on the basis that the parties’ failure to comply with the requirements of section 2105 precluded entry of judgment. The court ruled that Wife’s Code of Civil Procedure section 473 motion was moot.
 
 [5]
 
 Husband then filed this mandamus petition.
 

 II. Discussion
 

 A.
 
 Contentions
 

 Husband contends that the denial of his petition to confirm the arbitration award was in excess of the superior court’s jurisdiction and was a prejudicial abuse of discretion for the following reasons: (1) the “procedural disclosure provisions of. . . sections 2105 and 2106 do not apply to private arbitrations held under [Code of Civil Procedure] section[] 1280 et seq.,” (2) application of the “procedural disclosure provisions to private arbitrations defeats the purposes and provisions of [Code of Civil Procedure]
 
 *1504
 
 section[] 1280 et seq.,” and (3) the award is “final, cannot be vacated, and must be confirmed and have judgment entered thereon.”
 
 [6]
 

 Wife contends that the “superior court correctly determined that the mandatory disclosure requirements of [sections 2105 and 2106] prohibit entry of judgment after arbitration.”
 

 B.
 
 Writ Review
 

 Wife contends an order denying a petition to confirm an arbitration award is appealable, and that writ review is therefore inappropriate. Regardless of whether the order is appealable, writ review is permissible here since the petition raises a novel issue of law. (See
 
 Estate of Hearst
 
 (1977) 67 Cal.App.3d
 
 111,
 
 781 [136 Cal.Rptr. 821].)
 

 C.
 
 Rules of Statutory Construction
 

 Statutory interpretation requires a three-step process. First, a court should examine the actual language of the statute, giving the words of the statute their ordinary, everyday meaning.
 
 (Halbert’s Lumber, Inc.
 
 v.
 
 Lucky Stores, Inc.
 
 (1992) 6 Cal.App.4th 1233, 1238 [8 Cal.Rptr.2d 298].) If the meaning is without ambiguity, doubt, or uncertainty, then the language controls, and there is nothing to “interpret” or “construe.”
 
 (Id.
 
 at p. 1239.) It is only when the meaning of the words is not clear that courts are required to take a second step and refer to the legislative history.
 
 (Ibid.)
 
 The final step—which is required to be taken only when the first two steps have failed to reveal clear meaning—is to apply reason, practicality, and common sense to the language at hand. If possible, the words should be interpreted to make them workable and reasonable, in accord with common sense and justice, and to avoid an absurd result.
 
 (Ibid.)
 

 
 *1505
 
 D.
 
 The Family Code Provisions
 

 The Family Code embodies public policy designed to foster full disclosure and cooperative discovery concerning marital community and quasi-community assets and liabilities.
 
 [7]
 
 Section 2104 requires that “each party shall serve on the other party a
 
 preliminary declaration of disclosure,
 
 executed under penalty of perjury” (italics added) within 60 days of the filing of a petition for dissolution.
 
 [8]
 
 Section 2105 requires that “. . . each party . . . shall serve on the other party a
 
 final declaration of disclosure
 
 and a
 
 current income and
 
 
 *1506
 

 expense declaration,
 
 executed under penalty of perjury” (italics added) when the parties enter into a property or support agreement or no later than 45 days before the first assigned trial date (if the case goes to trial).
 
 [9]
 
 The statutes provide for the content of these declarations and specify that they be on forms prescribed by the Judicial Council.
 

 However, “[t]he parties may stipulate to a mutual waiver of [final declarations] by execution of a waiver in a marital settlement agreement or by stipulated judgment or a stipulation entered into in open court.” (§ 2105,
 
 *1507
 
 subd. (c).) The record here does not demonstrate that the parties entered into such a waiver or stipulation.
 

 Section 2106 provides that, aside from a waiver or stipulation or “absent good cause, no judgment shall be entered with respect to the parties’ property rights without each party, or the attorney for that party in this matter, having executed and served a copy of the final declaration of disclosure and current income and expense declaration. Each party shall execute and file with the court a declaration signed under penalty of perjury stating that service of the final declaration of disclosure and current income and expense declaration was made on the other party or that service of the final declaration of disclosure has been waived pursuant to subdivision (c) of Section 2105.”
 

 Section 2107 sets forth the procedures that a complying party may employ should the other party fail to comply with these requirements. The available remedies include imposition of cost and attorney fees sanctions, and contempt, although the latter remedy is not explicitly cited in the statute.
 
 [10]
 

 E.
 
 Do Sections 2104 and 2105 Apply to Private Arbitration?
 

 Sections 2104 and 2105 were enacted in 1993, as part of a statutory scheme designed to ensure that parties to a dissolution action meet their fiduciary duty to make full disclosure of their assets and liabilities. (§ 2100.) However, nothing contained within these statutes addresses the issue of whether parties to private arbitration are required to comply with the disclosure requirements of these provisions.
 

 Husband and Wife submitted their dispute to an arbitrator pursuant to their written agreement. This case thus involves private or nonjudicial arbitration.
 
 *1508
 

 (Moncharsh
 
 v.
 
 Heily & Blase
 
 (1992) 3 Cal.4th 1, 8 [10 Cal.Rptr.2d 183, 832 P.2d 899].) This being so, the controversy was removed from the procedures applicable to trials.
 
 (Severtson
 
 v.
 
 Williams Construction Co.
 
 (1985) 173 Cal.App.3d 86, 91 [220 Cal.Rptr. 400].)
 

 “Nonjudicial arbitration proceedings are generally regulated by the procedural rules established by the arbitration agency; such proceedings are not necessarily controlled by the Code of Civil Procedure unless expressly provided by that code (Code Civ. Proc., § 1280 et seq.), by the arbitration rules, by the parties’ contract, or other provisions of law regulating such nonjudicial arbitration.”
 
 (Paramount Unified School Dist.
 
 v.
 
 Teachers Assn. of Paramount
 
 (1994) 26 Cal.App.4th 1371, 1387-1388 [32 Cal.Rptr.2d 311] [holding that the Tort Claims Act does not apply to an arbitration award, and a failure to comply with the claims filing requirement of that act did not bar confirmation of the award or judgment thereon];
 
 Titan/Value Equities Group, Inc.
 
 v.
 
 Superior Court
 
 (1994) 29 Cal.App.4th 482, 488-489 [35 Cal.Rptr.2d 4] [holding that the arbitrator, and not the court, decides questions of procedure and discovery: An arbitration has a life of its own outside the judicial system. The trial court may not step into a case submitted to arbitration and tell the arbitrator what to do and when to do it. Nor may it resolve procedural questions, or order discovery. It is for the arbitrator, and not the court, to resolve such questions.];
 
 Jordan-Lyon Productions, Ltd.
 
 v.
 
 Cineplex Odeon Corp.
 
 (1994) 29 Cal.App.4th 1459, 1468 [35 Cal.Rptr.2d 200] [holding that the attachment law does not apply to an arbitration award].)
 

 Wife argues that the foregoing authority is inapplicable because the requirements of the disclosure provisions are substantive rules of law rather than procedural rules or discovery provisions. Section 2100, subdivision (b) provides that “[s]ound public policy . . . favors the reduction of the adversarial nature of marital dissolution and the attendant costs by fostering full disclosure and cooperative discovery.” Husband claims that the plain language of section 2100 compels the conclusion that sections 2104 and 2105 are discovery provisions rather than substantive rules of law. Looking to the purpose of the provisions, we conclude that they may well be substantive rights. This does not mean, however, that parties to an arbitration may not agree to alter the time provisions of section 2105 (as they did here). Although we recognize the public policy reasons for the disclosure sections set forth within the Family Code, we conclude that the parties to a dissolution who have agreed to engage in private arbitration of their property issues are entitled to adopt other, more summary procedures for financial disclosure. Here, for example, according to the arbitrator, the parties assured him that they had made the necessary disclosures. Under these circumstances,
 
 *1509
 
 and because parties to private arbitrations waive a number of rights just as important as those set forth in the disclosure provisions at issue here, we conclude that the trial court erred in holding that Husband and Wife were required—prior to the arbitration—to submit the disclosure statement required by section 2105. If parties to a marital dissolution enter an agreement to settle their property or support issues by private or nonjudicial arbitration, they may do so without complying with section 2104 or section 2105. Thus, Husband and Wife here could arbitrate to an award whether or not they had filed either preliminary declarations or final declarations.
 

 Our conclusion is supported by the strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution. (See
 
 Moncharsh
 
 v.
 
 Heily & Blase, supra,
 
 3 Cal.4th at p. 9;
 
 Valsan Partners Limited Partnership
 
 v.
 
 Calcor Space Facility, Inc.
 
 (1994) 25 Cal.App.4th 809, 816 [30 Cal.Rptr.2d 785].)
 

 Contained within the arbitration award here, however, is the following language: “Although both parties have repeatedly indicated that they were fully aware of each other’s finances, it is hereby ordered that within seven (7) days of the filing of this arbitration decision and Award, that both parties submit to each other by registered mail, with a copy to the undersigned arbitrator, financial statements sufficient under California law to satisfy each other that they are fully knowledgeable in the matters contained therein.” We can only interpret this language to mean that Husband and Wife—as they were allowed to do under their private arbitration agreement —agreed to serve final declarations pursuant to section 2105 after the arbitration proceedings had ended. The parties did not specify any remedy if either party failed timely to file the final declarations. We assume, therefore, that the parties intended that the remedies provided in section 2107 (compulsion, sanction, and contempt orders) and in section 2106 (prohibiting entry of final judgment) would apply. In our view, they apply regardless of the intention of these parties.
 

 F.
 
 The Prohibition Against Entering Judgment (Section 2106)
 

 Section 2106 provides that “no judgment shall be entered with respect to the parties’ property rights” where either of the parties fails to serve final declarations. We therefore hold that a trial court is precluded from entering any judgment, including one confirming an arbitration award settling marital property rights, until (1) the court finds good cause to find that no final declarations are necessary or (2) the parties have complied with section 2106. The only exception is that provided in section 2105, subdivision (c), of a written waiver or a formal stipulation.
 

 
 *1510
 
 The record here indicates that Wife has never served Husband with the necessary final disclosure declarations and that, although Husband served Wife with a disclosure statement, he did so more than two months after the award was filed by the arbitrator. Wife claims that because Husband failed to meet the time limit set forth in the arbitration award, the award cannot be considered to be “final,” and the superior court was, therefore, prohibited by the plain language of section 2106 from confirming the arbitration award and entering judgment. We agree that the trial court was prohibited from confirming the award and thus entering judgment, but not for the reasons Wife presents.
 

 G.
 
 The Parties’ Obligations and Rights After Arbitration
 

 As we have seen, the parties here were obligated after arbitration to serve final declarations both as a result of the arbitration award and pursuant to section 2106 if they were to achieve a final judgment as to their property rights.
 

 We do not perceive what prejudice Wife suffered by Husband’s dilatory filing. Husband’s declaration appears to satisfy section 2106’s requirement of a final declaration of disclosure before judgment. Husband, however, was required to serve on Wife a final declaration of disclosure and a current income and expense declaration executed under penalty of perjury and including all the data listed in subdivision (b) of section 2105. If Wife believes that Husband’s declarations do not satisfy section 2105, then her remedies lie in section 2107. That section permits her to move for further responses, for monetary sanctions (costs and attorney fees), and, we believe, even for contempt. Subdivision (c) provides that the court may provide sanctions “in addition to any other remedy provided by law.” Of course, these same remedies are available to Husband because Wife has not filed final declarations.
 

 In order for Wife to invoke the remedies of section 2107, Wife must first become a “complying party.” This means that she is required to file a declaration sufficient under section 2105. Upon becoming a “complying party” she would then be entitled to request preparation of the appropriate declaration of disclosure, and to file, if necessary, a motion to compel a further response. If, upon receipt of Husband’s further response, Wife believed the declaration to be insufficient, Wife could move, pursuant to section 2107, subdivision (c) for sanctions in the form of attorney fees and costs. The superior court may order such sanctions “in addition to any other remedy provided by law.” In other words, the superior court may issue an order to show cause re: contempt in order to compel Husband’s compliance.
 

 
 *1511
 
 Wife did not, of course, become a “complying party,” and thus has never had standing to seek compliance on the part of Husband. Wife, however, never reached that stage of proceedings in the trial court since she merely sought to set aside the arbitration award. The trial court did not rule on Wife’s motion to vacate the arbitration award pursuant to Code of Civil Procedure section 473. Instead the trial court denied Husband’s motion to confirm the award and ruled that Wife’s motion was moot. The trial court’s basis for denying Husband’s motion was the parties’ failure to comply in arbitration with the requirements of section 2105. As we have stated, neither section 2104 nor section 2105 applies to private, nonjudicial arbitrations.
 
 [11]
 
 Thus, the trial court erred in denying Husband’s motion on that basis. Nonetheless, pursuant to section 2106, the trial court could not grant Husband’s motion and enter judgment unless both parties had first complied with section 2105. Unless Wife files final declarations (enabling her to invoke the remedies of section 2107) or the trial court finds good cause to excuse compliance (§ 2106), the trial court cannot confirm the arbitration award.
 

 H.
 
 Wife’s Motion to Vacate the Award
 

 The parties to an arbitration may petition the court to confirm, correct or vacate the award. (Code Civ. Proc., § 1285.) However, such a petition must be served and filed “not later than 100 days after the date of the service of a signed copy of the award.” (Code Civ. Proc., § 1288.) If a party requests confirmation, within the 100 days specified in section 1288, a response may be filed seeking vacation of the award. Any such response must, however, be filed within 10 days of the date the petition to confirm is served. (Code Civ. Proc., § 1290.6.)
 

 According to Husband the arbitration award was served by mail on November 29, 1995. Although Wife denies that she was served with the arbitration award on that date, she admits she received a copy of the award within a few days of the November 29,1995, date. She did not, however, file her motion to vacate until August 16, 1996, more than eight months later. The petition to vacate was, therefore, untimely.
 

 Wife did not file a response to Husband’s petition to confirm, and she admits that the 10-day and 100-day limitations periods within which she
 
 *1512
 
 could have opposed Husband’s petition to confirm the arbitration award have expired. Wife claims, however, that she is entitled, pursuant to Code of Civil Procedure section 473, to relief from the statutory time limitations for opposing the petition to confirm and for seeking vacation of the award. The record reflects, however, that Wife filed her section 473 motion more than eight months after she received the arbitration award. The superior court was, therefore, without jurisdiction to grant relief from the arbitration statutory time limitations.
 
 (De Mello
 
 v.
 
 Souza
 
 (1973) 36 Cal.App.3d 79, 83-84 [111 Cal.Rptr. 274] [holding that under section 473, application for relief may not be made more than six months after the judgment, order or proceeding].)
 

 III. Disposition
 

 Let a writ issue directing the superior court to vacate its order denying petitioner David A. Elden’s petition to confirm the arbitration award and denying Wife’s Code of Civil Procedure section 473 motion as moot, and to issue a new and different order denying Wife’s section 473 motion as untimely. The court may within a reasonable time thereafter permit either party to file or amend final declarations that comply with the requirements of sections 2105 and 2106 and permit any complying party to file a motion or motions pursuant to section 2107. The court shall reconsider and rule upon Husband’s petition to confirm the arbitration award in accordance with the views expressed in this opinion and may determine whether “good cause” exists under section 2106 for finding that judgment may be entered without a party having filed a complying final declaration. In the event the court determines that “good cause” exists, the court is directed the confirm the arbitration award and to enter judgment thereon. In determining “good cause,” the court may consider whether Husband’s unilateral waiver of Wife’s compliance with section 2105 is proper. If otherwise the court finds that the parties have submitted sufficient final declarations, the court is directed to confirm the arbitration award and to enter judgment thereon. In the event the court determines that Husband’s declaration is insufficient or that Husband has not waived Wife’s compliance with section 2105, the court may deny Husband’s petition.
 

 Nott, J., and Brandlin, J.,
 
 *
 
 concurred.
 

 [1]
 

 All further statutory citations are to the Family Code unless otherwise noted.
 

 [2]
 

 Wife claims the final separation occurred in the spring of 1989. Husband claims the separation occurred October 15, 1988.
 

 [3]
 

 According to the arbitrator, in early 1989, Husband and Wife submitted all issues, save one, relative to their finances and property, to Michael Kassan, an attorney, for resolution, and the parties had resolved all issues with the exception of disposition of the proceeds from the sale of the family residence. The arbitrator and Husband refer to this agreement as the
 
 *1502
 
 “Kassan Agreement.” Attached to Wife’s return to Husband’s petition for writ of mandate is an affidavit executed by Kassan. He claims that, although he participated in a discussion concerning property issues with Husband and Wife, they reached no agreement. The declaration, to which Husband has objected, was not submitted to the trial court. We are, therefore, not permitted to consider it.
 

 [4]
 

 A corrected declaration regarding service of Husband’s final declaration of disclosure was served and filed on September 6, 1996.
 

 [5]
 

 The court did not specifically deny Wife’s motion. Instead, the court indicated that given its ruling, it was not required to decide the merits of the motion.
 

 [6]
 

 Husband, for the first time here, contends that assuming the Family Law disclosure provisions apply, “good cause” exists under section 2106 “for finding that that section does not prevent entry of judgment the [arbitration award], as all financial and property matters had been fully disclosed by [Husband and Wife] and all financial and property issues, save the sole reserved [family residence] issue, had been fully resolved in the Kassan Agreement, which had been fully performed prior to the time [the petition for dissolution was filed] and there were no financial or property matters remaining to be disclosed.” Wife claims the superior court determined that no good cause existed. A review of the transcript reveals that the court made no specific ruling with respect to the issue of good cause. We decline Husband’s invitation to find, as a matter of law, that the record supports a finding that good cause exists to enter judgment.
 

 [7]
 

 Section 2100 provides as follows: “The Legislature finds and declares the following:
 

 “(a) It is the policy of the State of California (1) to marshal, preserve, and protect community and quasi-community assets and liabilities that exist at the date of separation so as to avoid dissipation of the community estate before distribution, (2) to ensure fair and sufficient child and spousal support awards, and (3) to achieve a division of community and quasi-community assets and liabilities on the dissolution or nullity of marriage or legal separation of the parties as provided under California law.
 

 “(b) Sound public policy further favors the reduction of the adversarial nature of marital dissolution and the attendant costs by fostering full disclosure and cooperative discovery.
 

 “(c) In order to promote this public policy, a full and accurate disclosure of all assets and liabilities in which one or both parties have or may have an interest must be made in the early stages of a proceeding for dissolution of marriage or legal separation of the parties, regardless of the characterization as community or separate, together with a disclosure of all income and expenses of the parties. Moreover, each party has a continuing duty to update and augment that disclosure to the extent there have been any material changes so that at the time the parties enter into an agreement for the resolution of any of these issues, or at the time of trial on these issues, each party will have as full and complete knowledge of the relevant underlying facts as is reasonably possible under the circumstances of the case.”
 

 [8]
 

 Section 2104 provides as follows:
 

 “(a) Within 60 days of service of the petition for dissolution or nullity of marriage or legal separation of the parties, each party shall serve on the other party a preliminary declaration of disclosure, executed under penalty of perjury on a form prescribed by the Judicial Council. The commission of perjury on the preliminary declaration of disclosure may be grounds for setting aside the judgment, or any part or parts thereof, pursuant to Chapter 10 (commencing with Section 2120), in addition to any and all other remedies, civil or criminal, that otherwise are available under law for the commission of perjury. The parties may agree to accelerate or delay the time within which to exchange preliminary declarations of disclosure by written stipulation or by oral stipulation made in open court.
 

 “(b) The preliminary declaration of disclosure shall not be filed with the court, except on court order.
 

 “(c) The preliminary declaration of disclosure shall set forth with sufficient particularity, which a person of reasonable and ordinary intelligence can ascertain, all of the following:
 

 “(1) The identity of all assets in which the declarant has or may have an interest and all liabilities for which the declarant is or may be liable, regardless of the characterization of the asset or liability as community, quasi-community, or separate.
 

 “(2) The declarant’s percentage of ownership in each asset and percentage of obligation for each liability where property is not solely owned by one or both of the parties. The preliminary declaration may also set forth the declarant’s characterization of each asset or liability. “(d) A declarant may amend his or her preliminary declaration of disclosure without leave of the court.
 
 *1506
 
 “(e) Along with the preliminary declaration of disclosure, each party shall provide the other party with a completed income and expense declaration unless an income and expense declaration has already been provided and is current and valid.”
 

 [9]
 

 Section 2105 provides as follows:
 

 “(a) [B]efore or at the time the parties enter into an agreement for the resolution of property or support issues other than pendente lite support, or, in the event the case goes to trial, no later than 45 days before the first assigned trial date, each party . . . shall serve on the other party a final declaration of disclosure and a current income and expense declaration, executed under penalty of perjury on a form prescribed by the Judicial Council. The commission of perjury on the final declaration of disclosure may be grounds for setting aside the judgment, or any part or parts thereof, ... in addition to any and all other remedies, civil or criminal, that otherwise are available under law for the commission of perjury.
 

 “(b) The final declaration of disclosure shall include all of the following information:
 

 “(1) All material facts and information regarding the characterization of all assets and liabilities.
 

 “(2) All material facts and information regarding the valuation of all assets that are contended to be community property or in which it is contended the community has an interest.
 

 “(3) All material facts and information regarding the amounts of all obligations that are contended to be community obligations or for which it is contended the community has liability.
 

 “(4) All material facts and information regarding the earnings, accumulations, and expenses of each party that have been set forth in the income and expense declaration.
 

 “(c) The parties may stipulate to a mutual waiver of the requirements of subdivision (a) concerning the final declaration of disclosure by execution of a waiver in a marital settlement agreement or by stipulated judgment or a stipulation entered into in open court. The waiver shall include all of the following representations:
 

 “(1) Both parties have complied with Section 2104 and the preliminary declarations of disclosure have been completed and exchanged.
 

 “(2) Both parties have completed and exchanged a current income and expense declaration.
 

 “(3) The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties.
 

 “(4) Each party understands that by signing the waiver, he or she may be affecting his or her ability to have the judgment set aside as provided by law.
 

 “(d) Whether execution of a mutual waiver of the final declaration of disclosure requirements pursuant to subdivision (c) will affect the rights of either party to have the judgment set aside or will affect the fiduciary obligations of each to the other shall be decided by a court based on the law and the facts of each particular case. The authority to execute a mutual waiver provided by this section is not intended, in and of itself, to affect the law regarding the fiduciary obligations owed by the parties, the parties’ rights with respect to setting aside a judgment, or any other rights or responsibilities of the parties as provided by law.”
 

 [10]
 

 Section 2107 provides as follows: “(a) If one party fails to serve on the other party a preliminary declaration of disclosure under Section 2104 or a final declaration of disclosure under Section 2105, or fails to provide the information required in the respective declarations with sufficient particularity, and if the other party has served the respective declaration of disclosure on the noncomplying party, the complying party may, within a reasonable time, request preparation of the appropriate declaration of disclosure or further particularity. “(b) If the noncomplying party fails to comply with a request under subdivision (a), the complying party may do either or both of the following: “(1) File a motion to compel a further response. “(2) File a motion for an order preventing the noncomplying party from presenting evidence on issues that should have been covered in the declaration of disclosure. “(c) If a party fails to comply with any provision of this chapter, the court shall, in addition to any other remedy provided by law, order the noncomplying party to pay to the complying party any reasonable attorney’s fees, costs incurred, or both, unless the court finds that the noncomplying party acted with substantial justification or that other circumstances make the imposition of the sanction unjust.”
 

 [11]
 

 Section 2105 does not prevent a trial from going forward where either or both of the parties have not served final declarations. It is up to a party to invoke the remedies provided by section 2107 if the other party has not complied. Noncompliance should not invalidate arbitration any more than it would invalidate a judicial trial. However, subdivision (a) of section 2105 provides that “commission of perjury on the final declaration of disclosure may be grounds for setting aside the judgment, or any part or parts thereof . . . .”
 

 *
 

 Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.