Filed 5/11/21  Pristine Environments v. Signet Jewelers CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| PRISTINE ENVIRONMENTS, INC., | D077282 |
| Plaintiff and Appellant, | |
| v. | |
| SIGNET JEWELERS LIMITED et al., | (Super. Ct. No. 37-2016-00016348-CU-FR-CTL) |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Cappello & Noel and A. Barry Cappello, Wendy Dale Welkom, David L Cousineau, Lawrence James Conlan; Dunlap Codding and Evan W. Talley for Plaintiff and Appellant.

Snell & Wilmer and Keith M. Gregory, Patrick William Kelly, Jeffrey M. Singletary, Todd Eric Lundell for Defendants and Respondents.

Plaintiff and appellant Pristine Environments, Inc. (Pristine) appeals a judgment confirming an arbitration award in favor of defendants and

respondents Signet Jewelers Limited, et al. (Signet)[1] and denying Pristine's motion to vacate the arbitration award. Pristine contends the court erroneously found that its motion to vacate was untimely under Code of Civil Procedure[2] section 1290.6, which according to Pristine did not apply here; but alternatively under that section it showed "good cause" for its untimely response. Pristine maintains section 1005 applies here instead because the parties filed "motions" rather than "petitions," and it complied with that section's timeline. Pristine asks this court to remand the matter for the trial court to decide the merits of its motion to vacate. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Signet operates approximately 3,500 retail jewelry stores in the United States and Puerto Rico. Pristine provides facility maintenance services to retail businesses, and Signet contracted for Pristine to provide those services for all of Signet's United States stores. The contract included an arbitration provision, which was invoked when a dispute arose. On February 18, 2019, the arbitration panel awarded Signet $317,302 in damages on its breach of contract claim. The panel further concluded that Signet breached some of its duties to Pristine, but declined to award damages because Pristine had failed to prove them.

On March 13, 2019, Signet filed a "motion to confirm arbitration award." (Capitalization omitted.) A hearing date was originally scheduled for June 2019.

On May 29, 2019, Pristine filed a "motion to vacate arbitration award" (capitalization omitted), contending that under either the California

---

[1]    The other respondents are Signet Group Services US, Inc. and Joseph Albanese.

[2]    Undesignated statutory references are to the Code of Civil Procedure.

2

Arbitration Act (CAA) or the Federal Arbitration Act (FAA), the panel exceeded its authority by "manifestly disregarding" the applicable laws, issuing an award that was "completely irrational," and contravening public policy dealing with bad faith performance of contracts. A hearing date was originally scheduled for September 2019.

On May 31, 2019, the parties stipulated that the two motions would be heard together in September 2019, and set up a new calendar for submission of the opposition and reply papers. But they specifically agreed that their stipulation did not "revive any deadlines, including but not limited to under section 1290.6, or waive any of defenses or arguments either party has to the timeliness of any opposition to [Signet's] [m]otion . . . ."

Signet opposed Pristine's motion to vacate, arguing it was untimely filed under section 1290.6, the claims failed on the merits because Pristine did not state a proper basis to vacate under the CAA, the FAA did not apply and, even if it did, the arbitration award was not "completely irrational" and the arbitrators did not "manifestly disregard" the law.

Despite the parties' stipulation allowing for it, Pristine did not file a reply or address the issue of untimeliness, although it filed a document styled a "response in opposition to defendants' motion to confirm arbitration award" (capitalization omitted), in which it merely incorporated by reference its arguments made in its motion to vacate.

The court in its tentative ruling relied on *Elden v. Superior Court* (1997) 53 Cal.App.4th 1497, 1511 and granted Signet's motion to confirm the arbitration award upon concluding that under section 1290.6, after Signet filed the motion to confirm the arbitration award on February 18, 2019, Pristine had 10 days (plus five days for mail service) to file its motion to vacate the award. However, Pristine did not do so until May 29, 2019. The

3

court therefore concluded Pristine's motion was untimely and it did not reach the merits of Pristine's arguments.

At a hearing on the motions, Pristine's counsel acknowledged he had not "fully briefed" the issue in reply, but maintained Pristine's motion to vacate was timely under section 1005. Pristine's counsel stated: "After receiving the tentative last night, of course, [we were] not happy with it. We were able to go and research the issue a little more and did find a case on point [(*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 847, (*Ruiz*))]." Pristine's counsel argued alternatively: "Under [section] 1290.6, the court, on good cause, can extend the time outside of that ten days to respond. And . . . the ten-day issue could have been raised [by Signet]. There's three or four months in between there that it could have been done so, and it wasn't. And, in fact, there was some sort of acquiescence."

Signet's counsel responded: "In terms of the question of a 'petition' versus a 'motion,' the statutes speak in terms of a 'petition.' But obviously, [Pristine] knew they were required to file a petition to vacate within 100 days. [Pristine] filed it on the 100th day. [¶] Even though they styled it as a motion, they were really talking about semantics here." Signet's counsel added: "In terms of our acquiescence, it's not our job to raise the untimeliness until we were opposing their motion to vacate. It's not our job to alert plaintiff's counsel to their obligations to file a response." Signet's counsel concluded, "I don't hear anything that is good cause for extending that ten-day period."

The court took the matter under submission to read the *Ruiz* case. It later confirmed its tentative ruling and entered a final order granting Signet's motion to confirm the award.

## DISCUSSION

4

As a general matter, a party seeking to vacate an arbitration award must either (1) file and serve a petition to vacate that award "not later than 100 days after the date of the service of a signed copy of the award" (§ 1288; see *Elden v. Superior Court*, *supra,* 53 Cal.App.4th at p. 1511), or (2) file and serve a timely response (that is, within 10 days) to the other party's petition to confirm the award. (§§ 1285.2, 1290.6; *Oaktree Capital Management, L.P. v. Bernard* (2010) 182 Cal.App.4th 60, 66; *South Bay Radiology Medical Associates v. Asher* (1990) 220 Cal.App.3d 1074, 1081.) "Unless the response is duly served and filed, under section 1290 the allegations of the petition are deemed to be admitted by respondent." (*DeMello v. Souza* (1973) 36 Cal.App.3d 79, 83.) The filing and service deadline for a petition to vacate is jurisdictional; noncompliance deprives a court of the power to vacate an award unless the party has timely requested vacation in response to a petition to confirm. (§ 1286.4, subds. (a) & (b); *Oaktree,* at pp. 64-65; *Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 544; *Elden,* at p. 1512.)

We conclude Pristine's opposition to Signet's motion to confirm was untimely under section 1290.6. After Signet filed its March 13, 2019 motion to confirm the arbitration award, Pristine had at most 15 days (including five days for mail service) to file its motion to vacate. However, it did not do so until May 29, 2019, approximately two months beyond the deadline. Because Pristine did not timely seek to vacate the award, "the trial court had no alternative but to 'confirm the award as made.' " (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 746, quoting § 1286.)

Pristine points out that under section 1290.6 the court for "good cause" could have extended the deadline for it to respond to Signet's motion to confirm the award. Pristine adds that Signet was not prejudiced by any

5

delay because it had ample opportunity to oppose Pristine's position in its opposition and reply papers and at the hearing on the tentative ruling.

Pristine further argues that both parties had styled their filings in the present action as "motions" rather than "petitions." It relies on the *Ruiz* case, despite the fact the appellate court there specifically concluded that under section 1290.6, which applied, the plaintiff's opposition to the petition to compel arbitration was untimely filed. (*Ruiz, supra,* 232 Cal.App.4th at p. 847.) The appellate court in *Ruiz* nonetheless held that the trial court had properly treated the petition as a motion for filing deadline purposes because the petitioner-defendant filed its reply papers five days before the hearing, "implicitly rel[ying] on section 1005, subdivision (b) as authority for filing its reply papers." (*Ruiz, supra,* 232 Cal.App.4th at pp. 847-848; see § 1005, subd. (b) ["All papers opposing a motion . . . shall be filed . . . and . . . served on each party at least nine court days, and all reply papers at least five court days before the hearing."].) *Ruiz* also pointed out that although the CAA (§ 1280 et seq.) does not contemplate reply papers, the respondent-plaintiff filed and served his reply nine court days before the hearing, which was timely under section 1005. The *Ruiz* court further stated, "the reply papers avoided any prejudice to [the petitioner-defendant] due to [the respondent-plaintiff]'s late-filed and served response papers." (*Id.* at p. 848.) Finally, *Ruiz* concluded that opposing counsel's mistake in treating the petition as a motion was good cause to consider the otherwise untimely response. (*Id.* at p. 847.)

We apply an abuse of discretion standard to the trial court's decision on whether Pristine demonstrated good cause for the court to consider its untimely-filed opposition to Signet's motion to confirm. (*Correia v. NB Baker Elec., Inc.* (2019) 32 Cal.App.5th 602, 609; *Ruiz, supra,* 232 Cal.App.4th at p. 847.) "A decision is an abuse of discretion only if it is 'arbitrary, capricious,

6

entirely lacking in evidentiary support, unlawful, or procedurally unfair.' " (*Mooney v. Garcia* (2012) 207 Cal.App.4th 229, 235.)  When two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court.  (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925.)

Presented with opposing arguments, the court could have reasonably concluded Pristine did not show good cause for its untimely response to the motion to confirm the arbitration award, and Pristine's argument relying on section 1005 was unpersuasive.  At least as of the May 2019 stipulation, Pristine was on notice that its motion to vacate was untimely.  The stipulation also permitted Pristine to file a reply.  Nevertheless, when Signet opposed Pristine's motion to vacate based on untimeliness, Pristine did not file a reply challenging Signet's claims but instead waited until the hearing on the motions, where its counsel conceded that upon reading the court's tentative ruling that Pristine's filing was untimely, he decided to research the issue and discovered the *Ruiz* case; he also claimed reliance on section 1005 for the first time at that hearing.  Finally, although Pristine argues it showed good cause by pointing to a supposed absence of prejudice to Signet, such absence of prejudice is not itself a showing of good cause.  (Accord, *Katz v. Campbell Union High Sch. Dist.* (2006) 144 Cal.App.4th 1024, 1036 [" 'The good cause which must be shown in such a case as this "may be equated to a good reason for a party's failure to perform that specific requirement [of the statute] from which he seeks to be excused." ' "].)  Pristine did not proffer a good reason for its delayed opposition to the motion to confirm the arbitration award.  Under these circumstances, we conclude the court did not abuse its discretion in finding Pristine failed to show good cause.

DISPOSITION

7

The judgment is affirmed.  Respondents Signet Jewelers Limited, Signet Group Services US, Inc. and Joseph Albanese are awarded their costs on appeal.


O'ROURKE, J.

I CONCUR IN THE RESULT:


HALLER, Acting P. J.

I CONCUR:


AARON, J.