[Civ. No. 26249. First Dist., Div. Four. Mar. 12, 1970.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE,
Plaintiff and Appellant, v.
DAVID HENRY STEVEN et al., Defendants and Respondents.

**COUNSEL**

Owen, Melbye & Rohlff and Richard B. Melbye for Plaintiff and Appellant.

Miroyan, Moore & Pitagora and Richard M. Pitagora for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.** — Appellant California Casualty Indemnity Exchange brought this action against its insured, Irene P. Steven, and her son, David, praying for a declaratory judgment determining that uninsured motorist coverage in the automobile liability policy issued to Mrs. Steven had been waived as to David. The appeal is from a judgment determining that there was no such waiver.

The facts are not in dispute. On October 16, 1966, California Casualty issued an automobile liability policy to Mrs. Steven. The policy was to run for a period of one year, and provided for uninsured motorist coverage[1] of up to $10,000 per person, with a maximum of $20,000 per accident. On November 1, Mrs. Steven consented to the following endorsement of her policy:

"Exclusion of Named Driver.

"Effective on and after 10-16-66 it is hereby understood and agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile or highway vehicle is operated by, or entrusted to the care, custody and control of David Henry—son . . ."

This was apparently done because David's driving record would otherwise have resulted in appellant's refusal to insure Mrs. Steven.

On January 22, 1967, David suffered injuries when he was struck by an uninsured vehicle. At that time, David was operating a vehicle covered by an unrelated insurance policy which specifically excluded uninsured motorist coverage. David will be entitled to compensation, under his mother's policy, unless the endorsement of November 1 is effective as to the uninsured motorist coverage.

Appellant argues that its intent, and that of Mrs. Steven, as evidenced by the endorsement, was that the policy was to afford no coverage of any sort for accidents occurring while David was driving. Accordingly, appellant urges that the endorsement should be construed according to its plain meaning. Appellant cites authorities, dealing with the interpretation of written instruments, to the effect that the "language used in an insurance contract must be given its plain and ordinary meaning, and when it is unambiguous it must be given effect." (*Travelers Indem. Co.* v. *Kowalski* (1965) 233 Cal.App.2d 607, 610 [43 Cal.Rptr. 843]; Civ. Code, § 1644.)

The Legislature has declared it to be the public policy of this state that no automobile liability insurance policy shall fail to include uninsured motorist coverage unless the insurer and the named insured "by agreement in writing, delete the provision covering damage caused by an uninsured motor vehicle." (Ins. Code, § 11580.2, subd. (a).) ■ Because the pro-

---

[1] *"Uninsured Motorists (Damages for Bodily Injury)*: To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by the accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; . . ."

vision of such coverage is a matter of public policy, a claim of waiver thereof is not to be determined simply by reference to the rules which courts otherwise apply to determine the intent of contracting parties. Deletion of the coverage required by the statute can be effected only by an express "agreement in writing, delet[ing] the provision covering damage caused by an uninsured motor vehicle." (Ins. Code, § 11580.2, subd. (a).) A general exclusion of coverage for all drivers under age 25 has been held not to be an effective waiver of uninsured motorist coverage (*Hendricks* v. *Meritplan Ins. Co.* (1962) 205 Cal.App.2d 133 [22 Cal.Rptr. 682]). ■ By analogy to the *Hendricks* decision, the endorsement here in question was ineffective as to uninsured motorist coverage: that coverage was not named in any "agreement in writing delet[ing] the provision. . . ."

■ The present case is also governed by the reasoning of the Supreme Court in *Mission Ins. Co.* v. *Brown* (1965) 63 Cal.2d 508 [47 Cal.Rptr. 363, 407 P.2d 275], declaring that ". . . the only permissible exclusion is the one expressly provided for in the statute, under which the insurer and the insured may by agreement expressly waive application of the statute. (¶) The statute clearly does not contemplate a piecemeal whittling away of liability, either territorially or under certain driving conditions, for injuries caused by uninsured motorists." (*Id.* at p. 511.) Waiving "application of the statute" must, of course, delete *all* uninsured motorist coverage. ■ Here the endorsement did not purport to delete all uninsured motorist coverage, even as to David. He would, under its terms, still be covered if injured by an uninsured motorist while a passenger or a pedestrian. Such "piecemeal whittling away of liability" is void as against public policy.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.