Opinion
 

 STONE (S. J.), P. J.
 

 Today we construe the statutes which control the right of parties to a marital dissolution to waive the mandatory exchange of final declarations disclosing their assets and liabilities. Here, the parties did not exchange either preliminary or final disclosures or income and expense declarations. No statute permitted the parties to waive the exchange of these documents at the time of the instant dissolution.
 

 Because the parties impermissibly purported to waive the mandatory statutory requirements, we affirm the judgment of the trial court setting aside the judgment of dissolution of marriage between appellant, Robert M. Fell, and respondent, Alethea Lailan Fell. (Fam. Code, § 2122, subd. (e).)
 
 [1]
 

 Facts
 

 The Fells were married for 18 years, had 2 sons and acquired substantial assets while married. On June 9, 1995, Alethea filed for dissolution of marriage. On the same date, the parties executed their marital settlement agreement (MSA). On June 22, 1995, the parties filed the purported “waiver of declarations of disclosure requirement.”
 

 The stipulated waiver (waiver agreement) states, in pertinent part, “Each of the parties understands that according to the Family Code Section 2105, a duty is imposed on both husband and wife to serve upon the other a prescribed Preliminary Declaration of Disclosure and a Final Disclosure, together with a current Income and Expense Declaration. Each understands that normally no agreement can be enforceable and no Judgment shall be entered unless the Final Declaration has been served upon the other, [‘fl] Each of the parties hereby expressly declares that each has performed satisfactory discovery with respect to both the community and separate property estates of each of the parties and that each has to his or her complete and full satisfaction, been provided with a complete and full understanding of the
 
 *1061
 
 community and respective separate property estates of each of the parties. [*][] Each of the parties hereby expressly waives the requirement of a Final Disclosure and each acknowledges an understanding that by so waiving, each party waives his or her respective right to allege breach of fiduciary responsibility and any action based upon failure to disclose. Each of the parties has had sufficient opportunity to discuss with his or her respective counsel the requirement of Final Disclosure and each has been fully advised of the effects of the failure to execute and serve upon the other said Final Disclosure documents.” On June 22, 1995, the parties also obtained the judgment of dissolution.
 

 On April 17, 1996, Alethea moved to set aside the judgment and the MSA on the grounds of mistake of law and fact, violation of disclosure requirements and fiduciary duties, fraud and duress. (§ 2100 et seq., especially § 2122, subds. (a), (c) & (e).) On June 25, 1996, the trial court granted her motion. The trial court ruled that although many contested issues of fact could not be adjudicated upon declarations at law and motion, the court could determine that the purported waiver, the MSA and the judgment of dissolution were invalid as a matter of law from Robert’s own showing.
 

 The trial court found that the purported waiver of the disclosure obligations is invalid as a matter of law. It set aside the MSA and vacated the judgment on the ground of mistake of fact or law pursuant to section 2122, subdivision (e). This appeal ensued from the order vacating the judgment and setting aside the MSA.
 

 Discussion
 

 “ ‘ “Marriage is a matter of public concern. The public, through the state, has interest in both its formation and dissolution. . . . The regulation of marriage and divorce is solely within the province of the Legislature except as the same might be restricted by the Constitution.” . . .’”
 
 (In re Marriage of Haines
 
 (1995) 33 Cal.App.4th 277, 288 [39 Cal.Rptr.2d 673].) We construe the instant statutes as a matter of law to ascertain their purposes and to effectuate the intent of the Legislature. (See generally,
 
 City of San Jose
 
 v.
 
 Superior Court
 
 (1993) 5 Cal.4th 47, 54 [19 Cal.Rptr.2d 73, 850 P.2d 621];
 
 Walnut Creek Manor
 
 v.
 
 Fair Employment & Housing Com.
 
 (1991) 54 Cal.3d 245, 268 [284 Cal.Rptr. 718, 814P.2d 704].)
 

 In section 2100, “The Legislature finds and declares the following: [*][] (a) It is the policy of the State of California (1) to marshal, preserve, and protect community and quasi-community assets and liabilities that exist at the date of separation so as to avoid dissipation of the community estate before
 
 *1062
 
 distribution, (2) to ensure fair and sufficient child and spousal support awards, and (3) to achieve a division of community and quasi-community assets and liabilities on the dissolution ... of the parties as provided under California law. [<][] (b) Sound public policy further favors the reduction of the adversarial nature of marital dissolution ... by fostering full disclosure and cooperative discovery. [<][] (c) In order to promote this public policy, a full and accurate disclosure of all assets and liabilities . . . must be made in the early stages of a proceeding for dissolution of marriage . . . together with a disclosure of all income and expenses of the parties. Moreover, each party has a continuing duty to update and augment that disclosure ... so that. . . each party will have as full and complete knowledge of the relevant underlying facts as is reasonably possible under the circumstances of the case.”
 

 “In order to provide full and accurate disclosure of all assets and liabilities . . . each party . . . shall serve on the other party a preliminary declaration of disclosure under Section 2104 and a final declaration of disclosure under Section 2105.” (§ 2103.)
 

 At the time of the instant dissolution, section 2105 provided that “(a) Before or at the time the parties enter into an agreement for the resolution of property or support issues . . . each party shall serve on the other party a final declaration of disclosure and a current income and expense declaration, executed under penalty of perjury . . . . [U . . . [H (c) Along with the final declaration of disclosure, each party shall serve an updated income and expense declaration unless a current income and expense declaration is on file.”
 

 These statutory provisions continued without substantive change the provisions enacted as Civil Code former section 4800.10 et seq., effective January 1, 1993 (repealed by Stats. 1993, ch. 1101, § 1, operative Jan. 1, 1994). (Legis. Counsel’s Dig., Assem. Bill No. 1437, 3 Stats. 1992 (Reg. Sess.) Summary Dig., pp. 116-119.) The California Senate Committee on Judiciary stated that “The purpose of [Assem. Bill No. 1437] is to impose an affirmative duty on parties to disclose community assets and community liabilities.” The committee also stated that “[N]o agreement or judgment would be entered with respect to a party’s property rights without each party declaring under penalty of perjury that he or she had served the other party with the declaration of disclosure.”
 

 Section 2120 reiterates the Legislature’s “strong policy of ensuring the division of community . . . property in the dissolution of marriage .... These policy goals can only be implemented with full disclosure of . . . assets, liabilities, income, and expenses, as provided in Chapter 9 (commencing with Section 2100) . . . . HD (b) It occasionally happens that the
 
 *1063
 
 division of property or the award of support... is inequitable when made due to the nondisclosure or other misconduct of one of the parties. [U (c) The public policy of assuring finality of judgments must be balanced against the public interest in ensuring proper division of marital property, in ensuring sufficient support awards, and in deterring misconduct. [f] (d) The law governing the circumstances under which a judgment can be set aside, after the time for relief under Section 473 of the Code of Civil Procedure has passed, has been the subject of considerable confusion which has led to increased litigation and unpredictable and inconsistent decisions at the trial and appellate levels.”
 

 Section 2121 states, in pertinent part, “(a) In proceedings for dissolution of marriage, ... the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this chapter.”
 

 Section 2122, subdivision (e) provides grounds and time limits for a motion to set aside a judgment of dissolution as follows: “As to stipulated . . . judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact. An action or motion based on mistake shall be brought within one year after the date of entry of judgment.” (See also §§ 2105, subd. (d), 2106.)
 

 In setting aside the instant judgment and MSA on Alethea’s timely motion, the trial court correctly determined that there was a mistake of law on the face of the purported waiver. The parties did not comply with the statutes setting forth the mandatory requirements for exchange of preliminary and final declarations of disclosure and of current income and expenses under penalty of perjury. (See generally,
 
 Outboard Marine Corp.
 
 v.
 
 Superior Court
 
 (1975) 52 Cal.App.3d 30, 41 [124 Cal.Rptr. 852] [one may not waive rights prohibited by specific statutory provisions].)
 

 “Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement.” (Civ. Code, § 3513; see also Civ. Code, § 1668.) So it is here. (See
 
 In re Marriage of Higgason
 
 (1973) 10 Cal.3d 476, 486-487 [110 Cal.Rptr. 897, 516 P.2d 289], disapproved on other grounds in
 
 In re Marriage of Dawley
 
 (1976) 17 Cal.3d 342 [131 Cal.Rptr. 3, 551 P.2d 323] [right to spousal support may not be waived by prenuptial agreement and contracts purporting to immunize such parties from financial charges are against public policy]; and see generally,
 
 Mission Ins. Co.
 
 v.
 
 Brown
 
 (1965) 63 Cal.2d
 
 *1064
 
 508, 510-511 [47 Cal.Rptr. 363, 407 P.2d 275] [the only permissible exclusions and waiver of uninsured motorist coverage are those expressly provided by statute];
 
 California Cas. Indent. Exch.
 
 v.
 
 Steven
 
 (1970) 5 Cal.App.3d 304, 306-307 [85 Cal.Rptr. 82] [insureds may waive only those rights provided by statute regarding uninsured motorist coverage because the Legislature has declared that such coverage is required as a matter of public policy]; and see
 
 Covino
 
 v.
 
 Governing Board
 
 (1977) 76 Cal.App.3d 314, 322 [142 Cal.Rptr. 812];
 
 Mary R.
 
 v.
 
 B. & R. Corp.
 
 (1983) 149 Cal.App.3d 308, 316-317 [196 Cal.Rptr. 871].) Under the law existing at the time the judgment of dissolution was entered here, the parties were not permitted to waive the exchange of any of the documents at issue, and the parties could not stipulate to violate these statutory pronouncements effectuating public policy.
 

 Effective January 1, 1996, section 2105 was amended, in pertinent part, to state that “(a) Except by court order for good cause or as provided in subdivision (c), before or at the time the parties enter into an agreement for the resolution of property or support issues . . . each party, or the attorney for the party . . . shall serve on the other party a final declaration of disclosure and a current income and expense declaration, executed under penalty of perjury .... [*]D ... [^D (c) The parties may stipulate to a mutual waiver of the requirements . . .
 
 concerning the final declaration of disclosure
 
 by execution of a waiver in a marital settlement agreement....
 
 The waiver shall include all of the following representations:
 
 [H (1)
 
 Both parties have complied with Section 2104 and the preliminary declarations of disclosure have been completed and exchanged.
 
 [H (2)
 
 Both parties have completed and exchanged a current income and expense declaration.
 
 ['JD (3) The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties. [*]Q (4) Each party understands that by signing the waiver, he or she may be affecting his or her ability to have the judgment set aside as provided by law. [f¡ (d) Whether execution of a mutual waiver of the final declaration of disclosure requirements pursuant to subdivision (c) will affect the rights of either party to have the judgment set aside or will affect the fiduciary obligations of each to the other shall be decided by a court based on the law and the facts of each particular case. The authority to execute a mutual waiver provided by this section is not intended, in and of itself, to affect the law regarding the fiduciary obligations owed by the parties, the parties’ rights with respect to setting aside a judgment, or any other rights or responsibilities of the parties as provided by law.” (Italics addéd.)
 

 The Fells did not comply with section 2105, as amended. The parties neither obtained a court order on good cause shown permitting them to dispense with the final declaration of disclosure nor did they make the
 
 *1065
 
 representations required by subdivision (c). The instant waiver agreement did not state that the parties complied with section 2104, that the preliminary declarations have been completed and exchanged and that both parties have completed and exchanged a current income and expense declaration.
 

 Instead, the instant waiver agreement states that the parties have “performed satisfactory discovery” regarding the estates, and “that each has to his or her complete and full satisfaction, been provided with a complete and full understanding of the . . . estates of each of the parties.”
 

 Waiver of rights is rarely permitted. A party claiming waiver of favored statutory rights must prove it by clear and convincing evidence, and doubtful cases are decided against waiver.
 
 (DRG/Beverly Hills, Ltd.
 
 v.
 
 Chopstix Dim Sum Cafe & Takeout III, Ltd.
 
 (1994) 30 Cal.App.4th 54, 60-61 [35 Cal.Rptr.2d 515].) Where the Legislature permits a particular, limited waiver of a right upon satisfaction of a set of conditions, it intends that no other related waivers be permitted. (See generally,
 
 Mission Ins. Co.
 
 v.
 
 Brown, supra,
 
 63 Cal.2d at pp. 510-511;
 
 California Cas. Indem. Exch.
 
 v.
 
 Steven, supra, 5
 
 Cal.App.3d at pp. 306-307.)
 

 Agreements whose object, directly or indirectly, is to exempt its parties from violation of the law are against public policy and may not be enforced. (See Civ. Code, § 1668.) Robert has not borne his heavy burden to show complete compliance with the specific provisions of section 2105 regarding waiver of the express, fundamental statutory rights to property disclosures which the Legislature has deemed to be of substantial public importance. (See Civ. Code, §3513 [precluding private agreements to waive rights established for a public reason].)
 

 Exchanging complete preliminary declarations of disclosure and ongoing income and expense declarations under oath is important to marshal and protect assets, to provide fair support awards and to ensure equal division of property. From separation to distribution, each party remains subject to the fiduciary standards set forth in section 721. (§ 2102.)
 

 Under section 2106, as amended, “no judgment shall be entered with respect to the parties’ property rights” unless the parties have fully complied with section 2105. (See generally,
 
 In re Marriage of Gigliotti
 
 (1995) 33 Cal.App.4th 518, 528 [39 Cal.Rptr.2d 367] [explaining that the use of the term “shall” in statutes concerning child support connotes mandatory requirements].)
 

 Appellant argues that relief for noncompliance with the disclosure requirements is limited to requesting preparation of the declarations at issue, filing
 
 *1066
 
 a motion to compel, issue preclusion and attorney fees and costs under section 2107. We disagree. These remedies may be sought only by a party who has fully complied with the statutory disclosure requirements.
 
 (Elden
 
 v.
 
 Superior Court
 
 (1997) 53 Cal.App.4th 1497, 1510 [62 Cal.Rptr.2d 322].)
 

 Where, as here, neither party complied with the mandatory disclosure requirements of section 2105, the court is expressly authorized to decide whether the judgment should be set aside. (§ 2105, subd. (d);
 
 Elden
 
 v.
 
 Superior Court, supra,
 
 53 Cal.App.4th at pp. 1510-1511 [both parties must first fully comply with section 2105 before judgment may be entered pursuant to section 2106].)
 

 Where, as here, there has been a long-term marriage involving two minor children, substantial assets and heavily conflicting positions regarding distribution and support, the trial court properly set aside the original judgment of dissolution and the MSA.
 

 We affirm the instant judgment setting aside the original judgment of dissolution and the MSA. (§§ 2105, subd. (d), 2106, 2120, 2122, subd. (e).) Because the waiver is improper on its face, we need not reach the issues of whether a fraud was perpetrated or whether duress was used to obtain the signatures thereon.
 

 Costs to respondent.
 

 Gilbert, J., and Yegan, J., concurred.
 

 A petition for a rehearing was denied July 11, 1997, and appellant’s petition for review by the Supreme Court was denied September 3, 1997.
 

 [1]
 

 All statutory references are to this code unless otherwise stated.