* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part 1. of the Discussion.
OPINION
Rita L. Lundin (Lundin) appeals from a judgment of dissolution and a subsequent order denying her motion to set aside the judgment pursuant to Code of Civil Procedure section 473 and several provisions of the Family Code. She contends she did not receive notice of the trial date and her former husband, Michael W. Jones (Jones), failed to execute and serve the requisite final declaration of disclosure prior to trial (Fam. Code, §2105).[1] The novel issue presented is whether the judgment must be set aside because it was entered in violation of section 2106 which provides, ". . . absent good cause, no judgment shall be entered with respect *Page 687 
to the parties' property rights without each party, or the attorney for that party in this matter, having executed and served a copy of the final declaration of disclosure and current income and expense declaration." We will conclude that any procedural error in entering judgment was harmless as Lundin failed to show she was prejudiced by it. Accordingly, we will affirm.
 FACTS AND PROCEDURAL HISTORY
The parties were married for five and a half years prior to their separation in December 1993. Before and during their marriage, they operated a business known as M.R. Bobcat. After the separation, Jones continued to operate the business and Lundin was forced to find other employment. She returned to the work she did before marriage of wrangling and stunt work in the movie industry.
The subsequent dissolution was tempestuous necessitating a number of court proceedings to determine and enforce domestic violence prevention, spousal support, temporary restraining orders regarding property control, contempt for failure to pay spousal support, contempt for failure to comply with property control orders, and discovery disputes.
Jones filed an at-issue memorandum in June 1994 and the matter was originally set for trial on September 8, 1994. Counsel later stipulated to vacate that trial date and the matter was set for mandatory settlement conference on October 11, 1994. The record does not indicate what happened on that date.
In January 1995, Lundin's attorney, Gary O'Neil, moved to withdraw as her counsel of record because she had not paid him. A week later, Jones's counsel, Robert Carbone, moved to specially set the case for trial. The court heard both matters on February 28, 1995. It granted Mr. O'Neil's request to withdraw as attorney of record. Mr. O'Neil told the court that Lundin was "out of state," and her work required her to be out of state for extended periods of time. Her current local address was a post office box in Canyon Country, California. The court set the case for mandatory settlement conference on April 10 and trial on April 12, 1995, to provide Lundin with sufficient time to obtain new counsel. The clerk of the court mailed notice of the trial date to both parties on March 24, 1995.
On April 10, 1995, Mr. Carbone appeared and, according to the minutes, the matter was confirmed for trial on April 12, 1995. Lundin did not appear.
On April 12, 1995, Jones and Mr. Carbone appeared for trial. Lundin did not appear. Jones stated he had not seen Lundin since September 1994. Mr. *Page 688 
Carbone presented a trial brief detailing Jones's separate property, the community property, vehicles, bank accounts, reimbursements Jones was due for paying community debts, community debts he agreed to assume, and a proposed property division. The brief stated Lundin had "converted" some of Jones's separate property, the money in their community bank accounts and all the household furnishings. Jones submitted documentation to support his assertions and presented additional proof at trial. The court took the matter under submission but asked Mr. Carbone to prepare a proposed judgment incorporating what he believed had been proved at trial.
On May 22, 1995, before the court issued its decision, Lundin substituted Attorney Karen Gaul as her counsel of record.
On June 21, 1995, the court filed a statement of decision. In pertinent part, the court awarded Jones the business and the family residence; it awarded Lundin the $37,958 from the various bank accounts, a vehicle, and all the household contents and furnishings valued at $71,000, which she apparently had in her possession. The court noted that Jones owed Lundin $4,000 in spousal support but she had taken his separate property shop tools which were worth an equivalent amount. To equalize the division of community property, the court ordered Lundin to pay Jones $67,224.
There were a number of clerical errors in the statement of decision, so on August 8, 1995, Mr. Carbone prepared and the court signed an "Amended Further Proposed Judgment of Dissolution." Lundin, rather than her attorney, was served with the judgment on September 13, 1995. Judgment was entered on November 2, 1995.
On October 13, 1995, Lundin filed a motion to set aside the judgment pursuant to section 2122 et seq. and Code of Civil Procedure section 473 In support of her motion, she declared that as a result of her employment she was frequently out of town. However, she kept Mr. Carbone advised of her telephone number and how he could contact her. Mr. Carbone knew she was out of state but did not notify her of the trial date. The judgment dividing the community property was "favorable to" Jones. She believed a different and more equitable division of property would have resulted if she had been present at trial. In addition, she argued the judgment should be set aside because Jones did not file the mandatory declaration of disclosure pursuant to sections 2105 and 2106.
Jones opposed the motion. He contended his trial brief constituted the declaration of disclosure and Lundin had presented no facts to support her allegations of overreaching and unequitable division. Mr. Carbone filed a *Page 689 
declaration stating he was not advised of Lundin's phone number or how to contact her. At the hearing on the motion, Lundin's attorney, Ms. Gaul, stated that her file indicated Mr. O'Neil wrote Lundin on March 17, 1995 (presumably at her post office box address), and advised her of the trial date and the need to secure new counsel. Lundin was out of state until April 15, 1995, and Mr. O'Neil did not know her parents' Colorado address. However, Jones knew Lundin's parents' address.
The trial court denied the motion on January 25, 1996. It found the court had notified Lundin of the trial date at her Canyon Country post office box address. Further, she failed to demonstrate mistake, inadvertence, surprise or excusable neglect pursuant to Code of Civil Procedure section 473 or any of the grounds entitling her to relief under section 2122.
Lundin filed a timely notice of appeal.[2]
 DISCUSSION
1. The trial court did not abuse its discretion in denyingrelief under Code of Civil Procedure section 473 or 594.*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
2. Entry of judgment despite Jones's failure to execute andserve a declaration of disclosure was harmless error.
The Family Code embodies public policy designed to foster full disclosure and cooperative discovery concerning marital community assets and liabilities. (§ 2100.) Section 2104 requires that "each party shall serve on the other party a preliminary declaration of disclosure, executed under penalty of perjury" within 60 days of the filing of a petition for dissolution. Section 2105 requires that "each party . . . shall serve on the other party a final declaration of disclosure and a current income and expense declaration, executed under penalty of perjury" no later than 45 days before the first assigned trial date. The statutes specify the content of the declarations and that they be on forms prescribed by the Judicial Council. (Elden v. Superior Court (1997) 53 Cal.App.4th 1497,1505-1506 [62 Cal.Rptr.2d 322].) *Page 690 
"The parties may stipulate to a mutual waiver of [final declarations] by execution of a waiver in a marital settlement agreement or by stipulated judgment or a stipulation entered into in open court." (§ 2105, subd. (c).) The record here does not demonstrate that the parties entered into such a waiver or stipulation.
Section 2106 provides that absent a waiver, stipulation, or "good cause, no judgment shall be entered with respect to the parties' property rights without each party, or the attorney for that party in this matter, having executed and served a copy of the final declaration of disclosure and current income and expense declaration. Each party shall execute and file with the court a declaration signed under penalty of perjury stating that service of the final declaration of disclosure and current income and expense declaration was made on the other party or that service of the final declaration of disclosure has been waived pursuant to subdivision (c) of Section 2105"
Section 2107 states the procedures that a complying party may employ should the other party fail to comply with these requirements. The available remedies include imposition of cost and attorney fees sanctions, and contempt. (Elden v. SuperiorCourt, supra, 53 Cal.App.4th at p. 1507.)
The record indicates Jones prepared and served on Lundin a preliminary declaration of disclosure on March 15, 1994, which is included in the record as an exhibit, in his response to Lundin's request for spousal support. The declaration includes a schedule of assets and liabilities and an income and expense declaration. The record does not indicate whether Lundin prepared or served a preliminary declaration of disclosure. However, we can assume she did because her counsel wrote Jones's counsel requesting his declaration and only a complying party can make such a request. (§ 2107, subd. (a).)
Neither party executed or served a final declaration of disclosure pursuant to section 2105 Lundin submits the trial court's failure to set aside the judgment despite Jones's failure to prepare the declaration constitutes an abuse of discretion. Jones contends, in effect, that his trial brief, together with his responses to Lundin's notice to produce and interrogatories, provided Lundin with the full and accurate disclosure of assets, liabilities and financial circumstances necessary to ensure a proper division of community property. There is no dispositive case law, but three recent decisions shed some light on the declaration of disclosure requirement.
In Elden v. Superior Court, supra, 53 Cal.App.4th 1497, the parties (both attorneys) stipulated to have their property and support issues decided by binding nonjudicial arbitration. The arbitrator issued an award. Two months *Page 691 
later, the husband filed a petition to confirm the award and served the wife with a final declaration of disclosure and income and expense declaration. Six months later, the wife, who did not serve the husband with a declaration of disclosure, filed a motion for relief from the statutory time limits for opposing the husband's petition to confirm the award and for vacation of the award. The trial court denied the husband's petition to confirm the award, finding that the parties failed to comply with section2105, which required the parties to serve each other with final declarations of disclosure. Such noncompliance precluded entry of judgment. The court then ruled that the wife's petition for relief was moot. (Elden v. Superior Court, supra, at pp. 1501-1503.)
The husband sought a writ of mandate directing the superior court to set aside its order denying his petition to confirm the arbitration award. (Elden v. Superior Court, supra, 53 Cal.App.4th at p. 1501.) The appellate court held that the trial court erred in holding that the husband and wife were required, prior to their agreed-upon nonjudicial arbitration, to serve each other with final declarations of disclosure and current income and expense declarations under section 2105 Nonjudicial arbitration removed the controversy from the procedures applicable to trials, so the parties could agree to settle their property issues by nonjudicial arbitration without complying with section 2104 or 2105 (Elden v. Superior Court, supra, at pp. 1507-1509.) The court also held, however, that the trial court was without power to enter a judgment confirming the award, since both parties had failed to comply with an order by the arbitrator that they serve each other with final declarations of disclosure and current income and expense declarations pursuant to section2105 within seven days of the filing of the arbitration award. The order did not specify a remedy if either party failed timely to file the final declarations. The court assumed, therefore, that the parties intended that the remedies provided in section 2107 (compulsion, sanction, and contempt orders) and in section 2106 (prohibiting entry of final judgment) would apply. (Elden
v. Superior Court, supra, at p. 1509.)
The court held that the trial court was precluded from entering judgment, including one confirming an arbitration award settling marital property rights, until (1) the court found good cause that no final declarations were necessary or (2) the parties had complied with section 2106. The only exception was that provided in section 2105, subdivision (c) of a written waiver or a formal stipulation. (Elden v. Superior Court, supra, 53 Cal.App.4th at p. 1509.) Thus, unless the wife filed final declarations or the trial court found good cause to excuse compliance (§ 2106), the trial court could not confirm the arbitration award. (53 Cal.App.4th at p. 1511.)
In In re Marriage of Varner (1997) 55 Cal.App.4th 128
[63 Cal.Rptr.2d 894], the trial court denied a wife's motion to set aside a judgment of *Page 692 
dissolution of marriage that had divided the community property pursuant to a stipulation of the parties. The wife made her motion on the ground that the husband had failed to disclose to her the extent or the value of the community property at the time she signed the stipulation, when she was not represented by counsel. (Id. at pp. 130-133.)
The Court of Appeal reversed.[3] The relationship between the parties and the higher duty of disclosure to which the parties were held under section 2102 regarding their community property was relevant to the determination that the mistake in the present case warranted setting aside the judgment. (In re Marriage ofVarner, supra, 55 Cal.App.4th at p. 143.)
In support of her motion for relief, the wife presented evidence which compelled a finding that the husband breached his duty to provide an "accurate and complete disclosure of all assets and liabilities" of the parties at the time of the negotiations surrounding the stipulated judgment. (§ 2102, subd. (a).) The wife submitted valuations of the property prepared by her experts, and even by the husband's experts, and compared them to the husband's testimony at trial regarding the value of the community property. The wife's evidence indicated the property was worth millions of dollars more than the husband had testified it was worth. The wife also provided loan applications submitted to banks by the husband near to the time of the testimony showing dramatically higher values given to the properties on the loan applications than were testified to by the husband at trial. (Inre Marriage of Varner, supra, 55 Cal.App.4th at p. 143.)
In addition, the wife's first accountant stated she had been unable to obtain information documenting the value of the property of the parties, and she had had to rely on the representations of the husband and the husband's attorney in valuing the property. Although the wife was not represented by counsel at the time of trial, the husband and his attorney indicated to the court that the stipulated judgment had been approved by the wife's previous attorney and accountant. The appellate court concluded that any approval by the wife's attorney or accountant was necessarily made in reliance on the representations made by the husband to them, which were subsequently shown to be questionable. (In re Marriage ofVarner, supra, 55 Cal.App.4th at p. 143.)
Under the Family Code requirements of full disclosure, the husband's failure to disclose the values of the assets, or even to give the wife's *Page 693 
accountants access to the information from which the value could be derived, constituted a violation of section 2105, subdivision (b)(2), which states that a final declaration of disclosure must include, among other things, "All material facts and information regarding the valuation of all assets that are contended to be community property or in which it is contended the community has an interest." Further, section 2105, subdivision (a) provides that "`The commission of perjury on the final declaration of disclosure may be grounds for setting aside the judgment, or any part or parts thereof. . . .'" (In re Marriage of Varner,supra, 55 Cal.App.4th at p. 144.)
The court noted that the remedy of setting aside a judgment was not offered for failure to disclose the existence or the value of assets; there would presumably be no judgment entered if there was a failure to disclose. However, like perjury, the failure to disclose would induce the other spouse to stipulate to a judgment on the basis of incomplete or inaccurate information. The court concluded the failure of a spouse to disclose the existence or the value of a community asset constituted a basis for setting aside a judgment on the grounds of mistake under section 2122. (In re Marriage of Varner, supra, 55 Cal.App.4th at p. 144.)
Finally, in In re Marriage of Fell (1997) 55 Cal.App.4th 1058
[64 Cal.Rptr.2d 522], the court affirmed an order granting a wife's motion to set aside the judgment of dissolution and a marital settlement agreement on the ground there was a mistake of law on the face of the parties' purported waiver of the disclosure requirements. (§§ 2122, subd. (e), 2105.) The court reasoned that marriage is a matter of public concern. The public has an interest in its formation and dissolution. (In reMarriage of Fell, supra, at p. 1061.) Sound public policy favors the reduction of the adversarial nature of marital dissolution by fostering full disclosure and cooperative discovery. To this end, each party must serve on the other a preliminary declaration of disclosure under section 2104 and a final declaration of disclosure under section 2105 (§ 2103; In re Marriage of Fell,supra, at p. 1062.) Section 2105, subdivision (c) permits parties to waive the requirements of the final declaration, but the written waiver must include, among other things, representations that (1) both parties complied with section 2104 and completed and exchanged preliminary declarations of disclosure and (2) both parties completed and exchanged a current income and expense declaration. The Fells' waiver did not include either representation. Instead it stated the parties had "performed satisfactory discovery" and each had "`been provided with a complete and full understanding of the . . . estates of each of the parties.'" (In re Marriage of Fell, supra, at pp. 1062, 1064-1065.)
The husband argued the judgment should not be set aside because remedies for noncompliance with the disclosure requirements were limited to *Page 694 
those set forth in section 2107. The court disagreed. The section 2107 remedies could be sought only by a party who had complied with the disclosure requirements. Where neither party complied with the requirements of section 2105, the court was authorized to decide whether the judgment should be set aside. (In reMarriage of Fell, supra, 55 Cal.App.4th at pp. 1065-1066, citing § 2105, subd. (d), and Elden v. Superior Court, supra,
53 Cal.App.4th at p. 1510.) Because the Fells' marriage was long term, involved two minor children, substantial assets, and heavily conflicting positions regarding distribution and support, the trial court properly set aside the judgment. (In re Marriageof Fell, supra, 55 Cal.App.4th at p. 1066.)
(1) None of the three cases just discussed dealt with the precise issue facing us (i.e., whether noncompliance with section 2106 mandates vacating the judgment). In Elden v. SuperiorCourt, supra, 53 Cal.App.4th 1497, the trial court refused to enter judgment, so in the subsequent writ proceeding the appellate court was not asked to and did not order vacation of a judgment. In In re Marriage of Varner, supra, 55 Cal.App.4th 128, there is no indication of a failure to execute and serve a final declaration, so section 2106 was not implicated. Finally, in In re Marriage of Fell, supra, 55 Cal.App.4th 1058, the appellate court held that the circumstances of that case supported the trial court's order vacating the judgment. (Id.
at p. 1066.) The Fell decision does not, however, stand for the proposition that vacation is required in all such cases.
We view the trial court's error in entering judgment contrary to the provisions of section 2106 as one of a purely statutory dimension. That being so, we can reverse the judgment only if we conclude ". . . it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (People v. Watson (1956) 46 Cal.2d 818,836 [299 P.2d 243]; see, e.g., Cal. Const., art. VI, § 13 [judgment may not be set aside for procedural error unless error resulted in miscarriage of justice]; People v. Jackson (1996)13 Cal.4th 1164, 1210-1211 [56 Cal.Rptr.2d 49, 920 P.2d 1254] [although trial court committed statutory error under Pen. Code, §§ 977 and 1043 — "`. . . the accused shall be present'" — in granting defendant's request to absent himself from trial during the taking of evidence, the error was not prejudicial]; but seeMiramar Hotel Corp. v. Frank B. Hall Co. (1985) 163 Cal.App.3d 1126,1129, 1130 [210 Cal.Rptr. 114] [when requested pursuant to Code Civ. Proc., § 632, the trial court must issue a statement of decision which meets the statutory requirements; issuance of an insufficient statement constitutes reversible error per se].)
Although Lundin stated in her declaration that the judgment dividing the community property was "favorable to" Jones and she believed a different *Page 695 
and more equitable division of property would have resulted if she had been present at trial, she presented no evidence to substantiate her claim or show a miscarriage of justice. She failed to show how she was prejudiced by the entry of judgment in violation of section 2106, especially in light of the fact that Jones complied with her discovery requests and included much of the information required in the declaration of disclosure in his trial brief.
Lundin's lack of evidentiary showing contrasts starkly with the record reviewed in In re Marriage of Varner, supra, 55 Cal.App.4th 128. There the wife supported her motion for order vacating the judgment with property appraisals and declarations indicating the husband had significantly undervalued the marital assets. (55 Cal.App.4th at pp. 134-135, 143.) In this case Lundin merely relied on undocumented statements of her attorney that: the division of property was not equal, Jones received the "lion's share" of the assets, and the failure to award spousal support was "unconscionable"; Jones "actively" kept Lundin ignorant of the terms of the judgment by failing to contact her when she was out of state and notify her of the trial date; Jones undervalued assets, failed to provide proof of the value of assets and subjected Lundin to duress. None of the contentions was supported by evidence, however, and the charge regarding lack of proof of the value of assets is belied by the record which shows that the business and family residence were valued by professional appraisers and the personal property values were derived from the "Propertizer," a California Family Law Report product.
 DISPOSITION
Judgment affirmed. Costs to respondent.
Dibiaso, Acting P.J., and Buckley, J., concurred.
[1] Further statutory references are to the Family Code unless otherwise indicated.
[2] Jones contends, without citation to authority, the appeal is premature because it purports to challenge the minute order of January 25, 1996, denying relief whereas the formal written order (prepared by Jones's counsel) was not signed and filed until July 1996, several months after the appeal was filed. However, even assuming that Lundin's appeal from the minute order was premature (unlikely — see 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 185, p. 692), we deem her notice of appeal as filed immediately after entry of the written order. (Cal. Rules of Court, rule 2(c).)
* See footnote, ante, page 685.
[3] On appeal the wife did not argue that the requirements of Code of Civil Procedure section 473 had been met; she argued she was entitled to relief under section 2122, which provides that in a dissolution proceeding, a party may move to set aside a judgment on the grounds of actual fraud, perjury in the preliminary or final declaration of disclosure, duress, mental incapacity and, as to a stipulated judgment, mistake of law or fact. (In re Marriage of Varner, supra, 55 Cal.App.4th at p. 136.) *Page 696