Filed 9/29/16  Marriage of Hill CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of CARLA and RONALD S. HILL. | |
| | D066542 |
| CARLA HILL, | |
| Appellant, | (Super. Ct. No. ED79539) |
| v. | |
| RONALD S. HILL, | |
| Respondent. | |

APPEAL from a judgment and orders of the Superior Court of San Diego County, Steven E. Stone, Judge. Dismissed in part and affirmed in part.

Carla A. Hill, in pro. per., for Appellant.

Ronald S. Hill, in pro. per., for Respondent.

This is an appeal in marriage dissolution proceedings involving Carla Hill and Ronald S. Hill. Carla appeals from the stipulated judgment and multiple orders. As we

will discuss, the appeal from the judgment and some of the orders must be dismissed as untimely. After reviewing the remaining orders, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Carla and Ronald married in January 2009 and separated about ten months later. Carla petitioned to end the marriage and the parties met with a special master to mediate their disputes. The parties signed a stipulated judgment. The clerk served a notice of entry of judgment on October 3, 2011. At this time, both parties were represented by counsel.

The stipulated judgment awarded Ronald all community property assets and debts (if any) in exchange for an equalization payment of $50,000 to Carla. Ronald's equalization payment terminated his obligation to pay spousal support. The parties also agreed that they were settling "without a full and complete assessment of the value of the property," "[e]ach party has instructed his or her attorney not to undertake any assessment or investigation" and acknowledged that the parties were satisfied with the agreed property division.

In April 2012, Carla appeared in propria persona to set aside the stipulated judgment, citing Family Code sections 2120, 2122 and the disclosure requirements of Family Code sections 2102-2109. In November 2013, the family court held a hearing on the motion. Both parties were again represented by counsel. The family court denied the motion explaining that Carla had knowledge of the items she now claims were required to be disclosed and that the alleged nondisclosure did not materially affect the judgment. The family court also found that Carla voluntarily entered into the agreement to resolve

2

the dispute and there was no evidence of a mistake required to set aside the judgment. The court noted that the parties had conducted extensive discovery and Carla had competent counsel at the settlement conference. The court also denied Ronald's request for sanctions based on Carla's financial situation. The family court issued a minute order that same day denying the motion.

Thereafter, the court considered numerous ex parte applications and motions, which we will not detail here. Carla filed four notices of appeal, appealing from the judgment and various orders.

## DISCUSSION

### I. *General Legal Principles*

In addressing an appeal, we begin with the presumption that a judgment or order of the trial court is presumed correct and reversible error must be affirmatively shown by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)[1] and cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error. (Rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) It is not our responsibility to comb the appellate record for facts, or to conduct legal research in search of authority, to support the contentions on appeal. (*Del Real v. City of*

---

[1]     Undesignated Rule references are to the California Rules of Court.

*Riverside* (2002) 95 Cal.App.4th 761, 768.) If the appellant fails to cite to the record or relevant authority, we may treat the issue as waived. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.) Although Carla is representing herself in propria persona, she is not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

The notice of appeal defines the scope of the appeal by identifying the particular judgment or order being appealed. (Rule 8.100(a)(2).) A notice of appeal must be carefully drafted to identify the order or judgment being appealed so as not to mislead or prejudice the respondent. (*Morton v. 4 Wagner* (2007) 156 Cal.App.4th 963, 967.) While a notice of appeal must be liberally construed (Rule 8.100), the rule of liberal construction does not permit us to address issues pertaining to an order or judgment not specified in the notice of appeal. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46-47.) Where several judgments or orders occurring close in time are separately appealable, each appealable judgment and order must be expressly specified in either a single notice of appeal or multiple notices of appeal in order to be reviewable on appeal. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239.)

## II. *Analysis*

Carla filed four separate notices of appeal. We address each notice of appeal to determine what orders Carla is appealing from and whether the appeal as to each order is

4

timely. As we will discuss, Carla timely appealed from orders filed on August 13, 2014 and September 23, 2014. As to these orders, we first examine whether each order is appealable. To the extent each order is appealable, we then address the merits of Carla's appeal.

A. Timeliness of Appeal

The timely filing of a notice of appeal is a jurisdictional prerequisite to the appellate court's power to entertain the appeal. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) If the appeal is untimely, this court has no jurisdiction to consider it, and it must be dismissed. (Rule 8.104(b).) Under rule 8.104(a)(1), "a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal . . . a file-endorsed copy of the judgment, showing the date [it] was served; [¶] (B) 60 days after the party filing the notice of appeal . . . is served with a document entitled 'Notice of Entry' of judgment or a file-endorsed copy of the judgment, accompanied by proof of service . . . ." The word "judgment" as used in subdivision (a)(1) includes an appealable order if the appeal is from an appealable order. (Rule 8.104(e).)

Under rule 8.108, the deadline for filing a notice of appeal may be extended by the superior court's denial of certain posttrial motions. Nonetheless, a rule 8.108 extension cannot lengthen the time for noticing an appeal beyond 180 days after the date of entry of the appealable judgment or order. The 180-day deadline is the outside limit in all such

5

cases.  (Rule 8.108(b)(1)(C), (c), (d) & (e); *Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 109.)

Carla's first notice of appeal is dated August 14, 2014.  This notice stated that Carla appealed from the judgment and an order dated November 14, 2013.  Under rule 8.104(a)(3), the latest a notice of appeal can be filed under any circumstance is 180 days after entry of the judgment or order from which the appeal is taken.  Because Carla's notice of appeal was filed over two years after entry of the judgment, the appeal from the judgment is untimely and must be dismissed.  Carla's appeal from the November 14, 2013 order must also be dismissed as it was filed over eight months after the family court entered the order.

Carla's second notice of appeal, dated September 24, 2014, again appeals from the order issued November 14, 2013.  Carla's appeal from the November 14, 2013 order must be dismissed as untimely.  The second notice of appeal also lists an order dated August 13, 2014 (the August order) denying her motions to set aside the judgment, void the judgment and for reconsideration.  The appeal from the August order is timely.

Carla's third notice of appeal, dated October 20, 2014, lists a September 23, 2014[2] order (the September order) granting sanctions against her and denying her motion to reconsider withdrawal of attorney Ed Castro as her counsel of record.  Carla's appeal, filed about a month after entry of the September order, is timely.[3]

---

[2]    All further date references are to 2014, unless otherwise indicated.

[3]    Ronald's March 24, 2016 request for judicial notice of the findings and order after hearing dated September 23 is granted.  (Evid. Code, § 452, subd. (a).)

Finally, Carla filed a fourth notice of appeal on November 20, appealing from the judgment and orders dated: May 14, August 14 and September 24. As addressed above, the appeal from the judgment is untimely. Our review of the clerk's transcript does not show any orders dated May 14, August 14 or September 24. As we discussed above, Carla timely appealed from orders dated August 13 and September 23. We construe Carla's reference to orders dated August 14 and September 24 to be typographical errors.

B. Appealability and Merits of Appeal

Having concluded that Carla timely appealed from the August and September orders, we next address whether these orders are appealable. An appealable order is essential to appellate jurisdiction and an order is not appealable unless expressly made so by statute. (*Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688, 696; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "[T]he question whether an order is appealable goes to the jurisdiction of an appellate court, which is not a matter of shades of grey but rather of black or white." (*Farwell v. Sunset Mesa Property Owners Association, Inc.* (2008) 163 Cal.App.4th 1545, 1550.) If a doubt exists as to whether a judgment or order is appealable, the appellate court must consider the issue sua sponte (i.e., on its own motion) and must ordinarily dismiss an appeal from an order or judgment found to be nonappealable. (*Jennings v. Marralle*, *supra*, at p. 126.) As discussed below, all but one of the orders is appealable.

1. August Order

7

The August order denied Carla's motions to set aside the judgment under Family Code section 2120, void the judgment under Code of Civil Procedure[4] section 473, and for reconsideration under sections 1008 and 473, subdivisions (b) and (d). A postjudgment order denying a motion for reconsideration is not appealable. (§ 1008, subd. (g); *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6.) Rather, an order denying a motion for reconsideration is reviewable through the judgment, but only if the notice of appeal from the judgment is timely. (§ 1008, subd. (g); *Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 874 ["denial of [a] motion for reconsideration [is] not appealable but [is] reviewable on [a] timely appeal of the underlying order"].) As noted above, Carla did not timely appeal from the judgment. Accordingly, the order denying her motion for reconsideration is not reviewable and the appeal from that order must be dismissed.

The denial of a Family Code section 2120 motion to set aside is an appealable order. (See *Marriage of Jones* (1998) 60 Cal.App.4th 685, 689 [entertaining appeal from order denying motion to set aside dissolution judgment under Family Code section 2120 *et seq.*]; *Marriage of Varner* (1997) 55 Cal.App.4th 128, 136 [same].) An order denying a statutory motion to vacate a judgment under section 473 is also appealable as an order after judgment. (§ 904.1, subd. (a)(2); *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) Thus, we examine the merits of Carla's appeal as to that portion of the August order denying these motions.

---

4       All further undesignated statutory references are to the Code of Civil Procedure.

a.  Section 473

Carla moved to void the stipulated judgment citing subdivisions (b) and (d) of section 473.  Section 473, subdivision (b) provides for both discretionary and mandatory relief from a judgment.  The discretionary provision allows the trial court to grant relief if the moving party demonstrates mistake, inadvertence, surprise, or excusable neglect. Where a party seeks relief under the discretionary provision, the application must be made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."  (§ 473, subd. (b).)  The mandatory or "attorney fault" provision requires that the motion be accompanied by "an attorney's sworn affidavit" attesting to the attorney's mistake, inadvertence, surprise, or neglect.  On the filing of such an affidavit, the court must grant relief "unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."  (§ 473, subd. (b).)

Here, Carla did not submit an attorney's declaration of fault with her motion. Accordingly, the mandatory relief provision of section 473 does not apply.  Relief under the discretionary provision of section 473 is also unavailable as Carla filed her motion well after the six-month deadline.  The outside six-month limit on seeking relief is jurisdictional. (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 735, fn. 3.)  While the family court did not cite the timeliness of the motion in its ruling, we review the trial court's ruling and not its reasoning.  (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.)

9

Under subdivision (d) of section 473, a trial court has the authority to set aside a void judgment or order at any time. A trial court also has inherent authority to vacate a judgment void on its face. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.) Whether a judgment is void is a question of law, which we review do novo. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.) A judgment is void when the court lacks jurisdiction in a fundamental sense. Lack of fundamental jurisdiction " 'means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.)

In her sworn declaration supporting the motion, Carla asserted mistakes existed in the judgment, she entered the judgment under duress, Ronald failed to disclose certain information and that the judgment was unconscionable. Carla, however, provided no evidence showing the family court lacked jurisdiction to enter the judgment. Accordingly, the family court properly denied relief under subdivision (d) of section 473 as Carla failed to show that the stipulated judgment was void.

b. Family Code

Carla also filed a motion to set aside the judgment under Family Code section 2120. The family court denied the motion as untimely, noting that the alleged fraud should have been discovered no later than the time of Carla's April 3, 2012 motion to set aside the judgment and no evidence existed showing Ronald had committed fraud. On appeal, Carla contends the family court erred in interpreting Family Code sections 2100 to 2113 when it ruled on her renewed motion to set aside the judgment. Citing Family

10

Code section 2105, Carla asserts the judgment must be set aside because she and Ronald stipulated to the judgment before the required disclosures had been exchanged.

Family Code sections 2100 through 2113 pertain to the disclosure of all marital assets and liabilities, and income and expenses. (See Fam. Code, § 2100, subd. (c).) These statutes, however, do not address the requirements for setting aside a marital dissolution judgment. Rather the requirements for setting aside such a judgment are contained in Family Code sections 2120 through 2129. Family Code "[s]ection 2122 sets out the exclusive grounds and time limits for an action or motion to set aside a marital dissolution judgment." (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 684.) After expiration of the statutorily-prescribed time periods contained in Family Code section 2122, " 'set-aside relief is *not available* and the judgment is effectively *final for all purposes*.' " (*In re Marriage of Georgiou and Leslie* (2013) 218 Cal.App.4th 561, 571.)

Six grounds exist to set aside a judgment, or portion thereof, including actual fraud, perjury, duress, mental incapacity, mistake, and the failure to fully disclose the value of assets under Family Code section 2100 et seq. (Fam. Code, § 2122, subds. (a)-(f).) The time limit to file a motion based on duress or a mistake in the stipulated judgment is, respectively, one and two years after the date of entry of the judgment. (Fam. Code, § 2122, subds. (c), (e).) Here, Carla filed her motion to set aside the judgment on February 14, 2014, more than two years after the date of the October 3, 2011 stipulated judgment. Thus, to the extent Carla relied or duress or mistake, the

11

family court properly concluded that her motion to set aside the stipulated judgment was untimely.

The time period to set aside a judgment based on either actual fraud or failure to comply with the notice requirements of Family Code section 2100 et. seq. is one year after the date on which the complaining party either discovered, or should have discovered, the fraud or the failure to comply. (Fam. Code, § 2122, subds. (a), (f).) The family court made a factual finding that Carla should have discovered the alleged fraud no later than the time of her April 2012 motion. The record supports this finding.

In Carla's 2012 motion, she argued that Ronald had committed fraud. She also argued that Ronald had failed to comply with the Family Code disclosure requirements. Thus, Carla knew of Ronald's alleged fraud and failure to disclose more than two years before she filed her motion to set aside the judgment on February 14, 2014. To the extent Carla sought to set aside the judgment based on fraud or Ronald's failure to comply with the Family Code disclosure requirements, her motion was untimely. Accordingly, the family court properly denied Carla's renewed motion to set aside the judgment.

2. September Order

The September order granted Ronald's request for sanctions under Family Code section 271 and, alternatively, under Code of Civil Procedure section 128.7, in the amount of $19,365, payable in the amount of $200 per month.[5] An order awarding

---

[5] The September order also denied Carla's motion to reconsider withdrawal of attorney Ed Castro as her counsel of record, noting that Carla had not met her burden under Code of Civil Procedure section 1008. Carla, however, presented no argument

attorney's fees under Family Code section 271 is appealable. (*In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 82.) The court's alternative order granting sanctions under section 128.7 is also appealable. (§ 904.1, subd. (a)(12).)

In her opening brief, Carla contends that the sanctions order should be reversed. Carla asserts the family court abused its discretion because: she is indigent and cannot afford the sanctions; her behavior was not sanctionable; and the sanctions impose an unreasonable financial burden even with the payment plan.

A family court may award attorney's fees and costs as a sanction where the conduct of a party or attorney frustrates the policy to promote settlement of litigation and reduce the cost of litigation. (Fam. Code, § 271, subd. (a).) In awarding sanctions under Family Code section 271 the court must consider "all evidence concerning the parties' incomes, assets, and liabilities" and it cannot impose a sanction that constitutes an unreasonable financial burden on the sanctioned party. (*Ibid.*) The financial need of the party requesting an award of attorney's fees and costs under Family Code section 271 is irrelevant. (*Ibid.*) We review an award of Family Code section 271 sanctions for abuse of discretion. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225-1226.)

In awarding sanctions under Family Code section 271, the court made a number of findings. The court noted that it held multiple hearings on Carla's motion to set aside the judgment and previously found that Carla's actions warranted sanctions, but declined to

regarding this portion of the September order. Thus, we deem any appeal as to this portion of the September order as abandoned. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 710-711.)

issue sanctions at that time. Thereafter, Carla filed three unmeritorious motions and made four ex parte appearances. The family court explained:

> "I've given the petitioner every opportunity to think about her actions. She's been given more than ample time in court. She's been given a lot of time to have her matter heard, heard fully and make sure this court understood her arguments and to give her the leeway that the court must give a self-represented litigant.
> "It's not about being on one side or another. It's about following the law. It's about the facts of this case. It's about the evidence that's presented. Again, this court has done almost everything possible not to sanction the petitioner. I didn't award sanctions after the first hearing when [counsel] represented her, but the motions continued motion after motion.
> "This court at this point believes that this type of conduct, as documented in the record, is precisely what Family [Code section] 271 intends to prevent. I, therefore, believe and find that sanctions under [Family Code section] 271 independently are warranted."

The record supports the family court's finding that Carla's conduct warranted sanctions. Carla filed her petition to dissolve the marriage in March 2010 and the parties, while represented by counsel, entered into a stipulated judgment about 20 months later. In November 2013, the family court denied Carla's motion to set aside the judgment and Ronald's request for sanctions. Thereafter, Carla filed three motions to avoid the judgment, essentially rearguing the same issues. She also filed five ex parte applications.

"Somewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613.) After spending a considerable amount of time with Carla, the family court found Carla was intelligent and that her arguments regarding her disability, the merits of her motions and her alleged lack of understanding to be incredible. We may not reweigh evidence and are bound by the family court's credibility determinations. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.) Carla

14

had a full and fair opportunity to litigate her claims and the family court, under the circumstances, properly exercised its discretion to sanction Carla to deter further unmeritorious motions.

Regarding Carla's ability to pay the sanctions, the family court correctly noted that Carla had filed two income and expense declarations in September showing she received monthly disability or social security income of either $2,600 or $2,800. Thus, the record adequately supports the family court's finding that Carla had the ability to pay the sanctions and Carla cited no evidence showing the sanctions, in light of the payment plan, imposed an unreasonable financial burden on her. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205,1227 [party challenging sanctions award had burden to show reversible error or an abuse of discretion].)

Carla also contends the trial court erred in relying on section 128.7 as an alternative basis for the award of sanctions against her claiming this statute pertains to attorneys and does not apply to motions. Because we affirm the sanction award under Family Code section 271, there is no need for us to consider these arguments. In any event, we note that Carla is mistaken.

Section 128.7 requires attorneys or unrepresented parties certify, through their signature on documents filed with the court, that every pleading, motion or other similar paper presented to the court has merit and is not being presented for an improper purpose. (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 516; § 128.7, subd. (b)(1)-(4).) If, after notice and a reasonable opportunity to respond, the court determines the certification was improper under the circumstances, it may impose an appropriate sanction. (§ 128.7,

15

subd. (c).)  By its express terms, section 128.7 applies to unrepresented parties, such as Carla, who have signed, filed, submitted or advocated "a pleading, petition, written notice of motion, or other similar paper."  (§ 128.7, subd. (b).)  As another court noted, when a party abuses the legal system by filing baseless motions the conduct victimizes not only the opposing litigant, but other litigants by "useless diversion of the courts' attention" and wasting "the court's time and resources."  (*Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)  Carla's actions are the precise type of conduct section 128.7 was intended to deter.  To the extent the family court based the sanction award on section 128.7, its ruling is amply supported by the record.

C.  Remaining Issues

Finally, Carla's opening brief contains a number of other arguments pertaining to the dissolution proceeding.  There is no need for us to address these arguments to resolve the issues in this appeal and we decline to do so.

DISPOSITION

The appeal from the judgment and the November 14, 2013 order is dismissed as untimely.  The orders dated August 13, 2014, and September 23, 2014 are affirmed.  Respondent is awarded his costs on appeal.

16

O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.