Filed 2/25/13  Marriage of Foscalina CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re the Marriage of JOEL and BRIDGETT FOSCALINA. | C069820 |
| JOEL FOSCALINA,<br><br>Appellant,<br><br>v.<br><br>BRIDGETT FOSCALINA,<br><br>Respondent. | (Super. Ct. No. FL63924) |

Joel Foscalina, husband, appeals from a trial court judgment dividing community property, ordering husband to pay to Bridgett Foscalina, wife, $2,268 in order to equalize the division of community property, and reserving jurisdiction over the issues of support and marital status.  Husband's sole claim on appeal is that the trial court erred in denying his motion to continue the trial.

We affirm the judgment.

1

# BACKGROUND

In August 2010 husband filed a petition to dissolve the parties' 23-year marriage. He subsequently filed a motion seeking spousal support. In support of his motion, husband said he was an out-of-work carpenter and his unemployment insurance benefits were insufficient to cover his "basic" living expenses. Wife opposed husband's motion, noting that she too was unemployed and struggling to cover her own expenses.

Husband filed a second motion for spousal support in June 2011. Husband, now representing himself, noted that his previous motion had been withdrawn by former counsel without his knowledge or consent. Husband said he needed spousal support because he continued to be unemployed and was now "without a home."

On July 11, 2011, husband caused a subpoena duces tecum to be issued, ordering wife to appear at trial on August 24, 2011, and produce documents related to a 2004 Ford Explorer and an "accident in 2010."

On August 5, 2011, husband caused a second subpoena duces tecum to be issued, directing the "Law office of Michael Darlington" (wife's counsel) to appear at trial on August 24, 2011, and produce documents showing wife's "2011 Income Declaration, January 2011 through July 31, 2011 and all Unemployment Income for 2011."

On August 17, 2011, husband filed his list of exhibits and a "hearing brief" related to the trial scheduled for August 24, 2011.

On August 24, 2011, the parties appeared for a two-hour trial "on all issues." On the day of trial, wife filed her trial brief with numerous exhibits attached. Husband immediately moved for a continuance, arguing he needed time to review wife's trial brief and the exhibits.

Wife indicated there was no new information in the trial brief except her request that husband pay support for their incapacitated adult child. The trial court invited husband to review the trial brief and the attachments; if any of the attachments were a "surprise[]" to husband, he was directed to tell the court why that surprise warranted a

continuance. Husband indicated he would need "more time than today to figure [that] out." The trial court denied his motion.

The trial court advised husband that the trial brief and its attachments were merely a summary of all the information already provided to husband and the court. The purpose of the brief, the court explained, was simply to put all the relevant material in one place so the court (and husband) could more easily locate the documents on which wife would rely at trial.

The trial thus began. Husband testified and explained why he needed spousal support. He was struggling to find carpentry work and believed wife was not working to her earning capacity. He also believed it was easier for her to find work than it was for him.

Wife testified she was working as often as she could given that she was caring for their adult son, who she claimed suffered from mental and physical illnesses. Wife also presented uncontroverted evidence regarding the parties' community property, including husband's annuity and pension accounts, and the value of that property.

At the close of trial, husband stated, "[t]he only argument I have right now is on the spousal support issue. And my argument is: I have no income, I have no home, and I have no money, and I need some help. Whether it be temporary spousal support or how, my argument is that I need some money, I need help." The court took the matter under submission.

The court subsequently issued its "intended decision." The court found there was no evidence of community debt, reserved jurisdiction over specified pension funds, divided the community property according to wife's proposed division, and ordered husband to pay to wife $2,268 in order to equalize the division of property. The court made numerous findings regarding the parties' respective financial situations and ultimately ordered no spousal support to be paid to either husband or wife. The court also ruled that no support would be paid to wife for the parties' adult child. The court

nevertheless reserved jurisdiction over the issue of support "should financial facts change."

A final judgment incorporating the court's intended decision was entered on September 27, 2011.  A notice of entry of judgment was filed and served on October 4, 2011.  Husband appeals from the judgment.

## DISCUSSION

Husband's sole contention on appeal is that the trial court erred in denying his request to continue the trial.  Husband's contention is without merit.

We will reverse an appealable order only if the appealing party has shown prejudice; in other words, it was reasonably probable a result more favorable to him or her would have been reached in the absence of error.  (*In re Marriage of Jones* (1998) 60 Cal.App.4th 685, 694; Cal. Const., art. VI, § 13 [a judgment may be set aside for procedural error only if the error resulted in a miscarriage of justice].)

Husband claims the trial court erred in refusing to continue the trial for two weeks to allow him time to review wife's trial brief.  Husband has failed, however, to show that he would have received a more favorable result if the trial court had granted his request.  Accordingly, his claim fails.

Moreover, the trial court's ruling on a motion to continue is subject to reversal only for a manifest abuse of discretion.  Such an abuse may appear where the denial " 'has the practical effect of denying the applicant a fair hearing.' "  (*In re Marriage of Hoffmeister* (1984) 161 Cal.App.3d 1163, 1169.)  The abuse of discretion must affirmatively appear from the appellate record.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 ["a party challenging a judgment has the burden of showing reversible error by an adequate record"].)

The trial court gave husband the opportunity to review the trial brief in court and invited husband to renew his motion to continue the trial if he saw anything he had not seen before.  The only "new" issue was wife's request for child support for the parties'

4

adult child, which the court denied.  Husband participated in the trial, and had the opportunity to present his arguments and evidence and to cross-examine wife.  On this record, we conclude husband received a fair hearing.  Accordingly, we see no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


                                                RAYE            , P. J.



We concur:


       NICHOLSON       , J.


       BUTZ            , J.


5