Filed 6/17/14  Buchanan v. Alhino CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| JAMIE A. BUCHANAN, | C072653 |
| Plaintiff and Appellant, | (Super. Ct. No. FL0626643) |
| v. | |
| ANTHONY G. ALHINO, | |
| Defendant and Respondent. | |

Jamie A. Buchanan (mother) appeals from a postjudgment order requiring her to contribute $4,000 toward Anthony G. Alhino's (father) attorney fees.  Mother claims the trial court abused its discretion in making its order, because:  1) father failed to file the required forms; 2) her new husband's income should not have been a factor in the court's determination of the parties' relative abilities to pay attorney fees; and 3) the 60-day payment order was unsupported and inappropriate.  Disagreeing, we shall affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2012, father filed an order to show cause (Judicial Council form FL-300)[1] asking the court for orders regarding child support, child custody, and attorney fees. Father supported his requests with an attached application for order and supporting declaration (form FL-310). On March 29, 2012, father filed a current income and expense declaration (form FL-150).

On August 21, 2012, the parties appeared before the trial court. The court acknowledged it had not yet ruled on father's request for attorney fees, and indicated it would allow the parties to argue and then take the matter under submission. Mother's counsel objected that father had failed to file the mandatory forms "FL 158" and "FL 319." The court noted the forms father *had* filed were "comparable" to those forms, as permitted under the Rules of Court, and sufficient to put the issue before the court. The court nevertheless instructed mother and father to file current income and expense declarations and any forms, pleadings, or authorities that they wanted the court to consider in support of and in opposition to father's request for fees. The court gave the parties until September 10, 2012, to complete the filings and it would then take the matter under submission.

Prior to the August 21 hearing, father's counsel had filed a cost memorandum in support of father's request for attorney fees, wherein counsel indicated father owed him $14,720 in fees. On August 24, 2012, counsel filed a supplemental cost memorandum that included counsel's declaration attesting to the fees listed. That same day, father filed a current income and expense declaration, in which he declared his monthly income to be $2,166.40 each month ($76.40 from disability, $798 from social security, and $646 in public aid for each of his two children). Father also estimated his monthly expenses to be

---

[1] Further form references are to Judicial Council forms. All section references are to the Family Code. All rule references are to the California Rules of Court.

approximately $2,150, and declared he owed his attorney $14,620 in fees. Father also filed a request for attorney's fees and costs attachment (form FL-319), and a supporting declaration for attorney's fees and costs attachment (form FL-158).

On September 4, 2012, mother filed points and authorities in opposition to father's request for fees. She also filed a supporting declaration for attorney's fees and costs attachment (form FL-158) and a current income and expense declaration (form FL-150).

On September 20, 2012, the trial court issued a written decision on father's request for attorney fees. In reaching its decision, the court acknowledged that both parties were disabled, but college educated and employable but for their injuries. The court found father's monthly income was $2,166 per month, and his estimated expenses were $2,150.00 per month. The court also found father already paid his attorney $100 but still owed $14,620. Mother received $923 per month in disability and her husband's monthly income totaled $5,262 per month, bringing her household income to $6,185 each month. Mother indicated her estimated monthly expenses were $4,795. The court also found mother paid her own attorney a total of $15,300, using money from her own retirement account and her new husband's income.

Based on the parties' testimony, the trial court found mother "has a much higher standard of living than [father], considering their property and other assets . . . [mother] and her husband recently moved into a nicer home, with ample room for the family. [Father] remained in his home, which [mother] described as a very unattractive environment." Based on those findings, the trial court concluded mother's "combined family income and accessible resources has made it easier for her to retain counsel, whereas [father] has been disadvantaged in retaining counsel. . . . In balancing their hardships, it appeared to the court that it would be a greater hardship on [father] than [mother] in paying for attorney's fees." The court then ordered mother to pay $4,000 toward father's attorney fees and to pay the money "within 60 days from the date of this ruling."

Mother appeals.

## DISCUSSION

### I

### *Standard of Review*

Mother makes the general argument that the trial court abused its discretion when it made the disputed order for partial payment of fees.

" '[A] motion for attorney fees and costs in a dissolution proceeding is left to the sound discretion of the trial court. [Citations.] In the absence of a clear showing of abuse, its determination will not be disturbed on appeal.' [Citation.] Thus, we affirm the court's order unless ' "no judge could reasonably make the order made." ' " (*In re Marriage of Duncan* (2001) 90 Cal.App.4th 617, 630 (*Duncan*).)

### II

### *Forms and Consideration of Information Therein*

A. *Forms*

Mother first contends father failed to timely file forms FL-319 (request for attorney's fees and cost attachment), FL-157 (spousal or partner support declaration attachment), or FL-158 (supporting declaration for attorney's fees and costs attachment).

Rule 5.427 requires that: "(1) Except as provided in Family Code section 2031(b), to request attorney's fees and costs, a party must complete, file and serve the following documents:

"(A) *Request for Order* (form FL-300);

"(B) *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a comparable declaration that addresses the factors covered in form FL-319;

"(C) A current *Income and Expense Declaration* (form FL-150);

"(D) A personal declaration in support of the request for attorney's fees and costs, either using *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a comparable declaration that addresses the factors covered in form FL-158; and

4

"(E) Any other papers relevant to the relief requested.

"(2) The party requesting attorney's fees and costs must provide the court with sufficient information about the attorney's hourly billing rate; the nature of the litigation; the attorney's experience in the particular type of work demanded; the fees and costs incurred or anticipated; and why the requested fees and costs are just, necessary, and reasonable."

We agree with the trial court that father met his burden by filing documents "comparable" to the required forms, as permitted by rule 5.427. Father's order to show cause and supporting declaration are sufficiently comparable to the attorney's fees and costs attachment to put the issue before the court. In addition, before the matter was submitted, father filed the very forms which mother now complains are lacking--a current income and expense declaration (form FL-150) a request for attorney's fees and costs attachment (form FL-319), and a supporting declaration for attorney's fees and costs attachment (form FL-158). Although mother argues those documents were "untimely" filed; she clearly had the opportunity to respond. Mother has, therefore, failed to show prejudice. (*In re Marriage of Jones* (1998) 60 Cal.App.4th 685, 694; Cal. Const., art.VI, § 13 [a judgment may be set aside for procedural error only if the error resulted in a miscarriage of justice].)

The trial court did not abuse its discretion in finding the requisite information had been submitted to allow it to consider father's request for fees.

B. *Consideration of the Forms' Information*

As a disjointed supplement to her argument alleging deficiencies in father's form filing, and still under the general heading of abuse of discretion, Mother argues that she "has no ability to pay for all of her attorney fees, let alone [father's]." But she fails to discuss all the factors properly considered by the trial court. "In determining need, the court was required to and did, consider the parties' relative circumstances. Those

5

circumstances included the parties' income, expenses and assets." (*Duncan, supra,* 90 Cal.App.4th at p. 631.) The court considered both parties' disabilities and acknowledged neither was able to work; however, the court also considered that mother's household income was higher than father's.[2] The court also compared the parties' standard of living, noting mother's was higher, and found mother had assets of greater value than did father. Thus, balancing the hardships, the court concluded the hardship in retaining an attorney was more significant for father than it was for mother.

Mother notes that she is paying to father $492 in child support each month, which she claims the court did not consider in calculating father's monthly income. "A support award is made to defray support expenses, and should not be considered in determining financial ability to maintain a proceeding. [Citations.]" (*In re Marriage of Hatch* (1985) 169 Cal.App.3d 1213, 1220.) Accordingly, the trial court correctly declined to consider the support money in calculating father's monthly income for purposes of retaining counsel.

## III

### *New Husband's Income*

Mother next contends the trial court erred in considering her new husband's income when assessing the parties' relative abilities to pay attorney fees. Mother fails to cite any relevant authority to support her contention; indeed there is authority to the contrary.

"While new mate or partner income is generally irrelevant in child support matters (see § 4057.5, subd. (a)(2)), it is *not* statutorily irrelevant in pendente lite fee orders. (New mate income doesn't usually come up in spousal support matters because most spousal support awards end on remarriage. But it does come up when an ex-spouse

---

[2] We conclude *post* in Part III that the trial court's consideration of the mother's new husband's income was appropriate.

6

cohabits with someone, and in that context it is relevant; see *In re Marriage of Geraci* (2006) 144 Cal.App.4th 1278, 1298 [relevant because of possible economies of scale].) The expansive language of section 2032--the 'relevant circumstances of the respective parties'--also shows it is certainly relevant for fee awards." (*Alan S. v. Superior Court of Orange County* (2009) 172 Cal.App.4th 238, 255.)

Given the directive of section 2030 that trial courts "shall ensure that each party has access to legal representation . . . to preserve each party's rights . . . " and the well-established authority that trial courts have wide discretion in fashioning an award of attorney fees in marital proceedings (see *In re Marriage of Lynn* (2002) 101 Cal.App.4th 120, 133), we agree that new spouse income may be considered when determining an award of attorney fees under section 2030. Accordingly, the trial court did not abuse its discretion in considering this income.

IV

*60-Day Payment Order*

Absent a stay, this issue is moot. Our review of the record provided to us did not reveal a stay. Nonetheless, mother's claim the trial court erred in ordering her to pay the fees within 60 days also fails. As we discussed *ante*, mother's monthly household income was $6,185 and her monthly household expenses were estimated at $4,795; leaving her with $1,390 each month. Moreover, mother has a retirement account from which she has already taken money to pay her own attorney fees. We find no abuse of discretion.

7

## DISPOSITION

The orders of the court are affirmed.  Costs are awarded to father.  (Cal. Rules of Court, rule 8.278(a)(2).)


                                                    DUARTE , J.


We concur:


RAYE , P. J.


MURRAY , J.

8